# Decisions of the Supreme Court of Missouri,

FAYETTE DISTRICT, MAY TERM, 1830.

## COLLINS v. BOWMER.

1. Writ of error lies on the judgment of the Court overruling a motion to set aside a non-suit. (Note a.)
2. To read in evidence an instrument of writing, without proof of execution, it must be made the foundation of the action. (Note b.)
3. An instrument sued on, purporting to be executed by the opposite party, can be offered in evidence, without any proof of execution.
4. Where a bill of exceptions is doubtful, the Court will not intend any thing for the benefit of the party whose duty it was to make the matter plain. (Note c.)

ERROR, from the Circuit Court of Howard county.

M'GIRK, C. J., delivered the opinion of the Court.

This was a case originating before a Justice of the Peace, where Collins had judgment. Bowmer appealed to the Circuit Court, and the parties went to trial; and the plaintiff, Collins, suffered a non-suit. A motion was made to set aside the non-suit and overruled by the Court. To reverse this decree of the Court the cause is brought here by a writ of error. A bill of exceptions was taken to the opinion of the Court in overruling the motion. It has been made a question on the part of the defendant in error, that a writ of error will not lie on a motion to set aside a non-suit, and it has been shown that in some of the States, the practice is so, and in others it is not so.

It is sufficient to say on this matter, that the case of Mullanphy and English, Missouri Reports, p. 780, shows that a writ of error has been entertained in such a case, nor do we now see any reason to disturb that which we consider settled.

Collins v. Bowmer.

(196) The summons which issued from the Justice is to answer in an action of assumpsit on an account liquidated and certain. On the trial in the Circuit Court, the plaintiff produced an account between the parties, and on the back ot the paper an acknowledgment was written to this effect: "This day settled with William Collins, all the within accounts, and fall in his debt sixty-seven dollars, &c." Signed, Charles Bowmer. The plaintiff offered to give the paper in evidence, without any proof of the hand-writing of Bowmer to the acknowledgment, which was objected to, and the Court sustained the objection.

The plaintiff then called on the defendant under a certain statute to give evidence in chief. The defendant was sworn and gave evidence tending to deny the execution of the writing. The plaintiff then offered to give evidence of the defendant's declarations made before the Justice on the trial there, which evidence was rejected by the Court. It does not appear what these declarations were, nor whether they related to the execution of the instrument. Then the plaintiff took a non-suit.

The first error made and relied on is, that the Court erred in refusing to let the account and acknowledgement go to the jury as an instrument declared on, it being the foundation of the action, and not denied by the oath of the defendant, according to the statute.

The second is, that the Court erred in refusing to receive the evidence as to the declarations of the defendant made before the Justice. It is insisted by Messrs. Clark and Reynolds, counsel for the plaintiff, that this paper is the foundation of the action, and that they are not bound to prove it, unless it be denied by the oath of the party. The act of the General Assembly says, (R. C. p. 479,) when any suit shall be founded on any instrument in writing, purporting to be executed by the other party the same shall be received in evidence, unless the party charged to have executed it, shall deny the execution thereof on oath. To entitle the plaintiff to read an instrument in writing under this statute, two things at least are required. The first is, there be an instrument purporting to be executed by the defendant. And secondly, that that instrument should be the foundation of the action in which it is offered in evidence.

The summons in this case says, the action is founded on an account liquidated and made certain.

This description does not imply any execution of an instrument in writing by the (197) party charged. Where an account is liquidated and certain, the parties must have accounted together, but accounting together may be affected without writing at all about the matter, and for any thing appearing by the summons, it may have been the case here. But it is said that the acknowledgment and the account are to be considered as one. This is not the case. The acknowledgment refers to the account and testifies to two facts; one is, that the account within is settled, and the other is, that a certain sum is due by Bowmer to Collins. Had this acknowledgement been referred to at all by the summons in such a way that the Court could see that it was the thing sued on, the plaintiff would have been entitled to read it without any proof. But as the matter is, he could not do so. There is no error in this point.

Upon the second point it will be sufficient to say, that we cannot say, only by conjecture, what the declarations were which the plaintiff offered to give evidence of. These declarations might or might not have related to the matter in issue. It is believed to be a rule of law, that where a bill of exceptions is doubtful, the Court will not intend any thing for the party, whose duty it was to make the matter plain.

**61***

Unless, therefore, we could see what the testimony rejected would have tended to prove, we cannot say whether the party was injured or not.

An objection was made that on the trial, wherein the non-suit was had, the exceptions should have been taken. This objection is not good, and, so thought the Supreme Court of Kentucky, 4 *Bibb. R.* 278.

The judgment of the Circuit Court is affirmed, with costs.

(*a.*) See Johnson v. Strader & Thompson, 3 Mo. R., 360.
     Howell v. Pitman,            5 " " 347.
(*b.*) See Maupin v. Triplett,        5 " " 423.
(*c.*) See Stewart v. Small,           5, " " 528.
     Vaughn v. Montgomery,       5. " " 532.