Ruffin, C. J.
 

 The Court deems neither objection tenable. At common law, in order to shew that the false oath was taken before a Court having jurisdiction of the matter, and in a judicial proceeding touching the same, i t was necessary, that the indictment should set forth the pleadings in the former case, as the declaration, or indictment, the issue joined, and all the proceedings at the trial. Rut this rendered the indictments for this crime so ■ prolix and complicated, that there was always danger of failing to obtain judgment, even after conviction. The inconveniences were remedied in England, by tbe statute of 23 Geo: c. II, which enacted that it should be sufficient to set forth the substance of the offence and by what Courfcor before whom the oath was taken, (averring such Court or person to have competent authority to administer the same,) together with proper averments, &c., “ without setting forth” (among other things,) " the indictment, or any part of any record or proceeding in
 
 *3
 
 law, other than as aforesaid.” Since that time, indictments have not gone niore into detail in England than that now under our consideration; which, indeed, conforms to the best precedents. It appears to have been taken from that given by Chitty, 2 Cr. L. 452 ; which, the author says, was settled with great care by a late eminent lawyer, and on whieh there was a conviction.— In other instances, the matter is stated yet more generally, thus: “ that a certain indictment then depending in the said Court against A. B. came on to be tried, and was then and there in due form of law tried by a certain jury,” &c.; or, “that J. C. was in due form of law tried by a certain jury of the said County-, then and there duly «worn and taken, between the King and the said J. C. upon a certain indictment then and there depending against
 
 the
 
 said J. C. for,” &c. 2 Chit. Cr. L. 460-403. Upon an indictment in that form
 
 Boudin’s case
 
 turned: 5 T. R. 311, and it was held sufficient in that respect. The St 23, Geo. II was re-enacted in the same words in this State in 1701. e. 7 ; but it was repealed in 1837 : Rev St. c. 1, s. 2. That caused the decision of
 
 Gallimore’s case
 
 at Juno term, 1842; 2, Ired. 372 ; but, at the succeeding Assembly, the inconveniences arising- from that state of the law were obviated by a second enactment of the Act of 1791. Acts of Assembly, 1842 c. 49. — That, therefore, dispenses with those statements, the omission of which is the foundation of the first objection.
 

 There is but one Statute punishing- the crime of perjury- — that which is contained in the Revised Statutes, c. 34, s. 50 and 52 ;
 
 State
 
 v.
 
 Ball,
 
 3 Ired. 506 ; and, consequently, the conclusion of this indictment is right.' The act of 1842 relates only to the forms of prosecuting, and not to the creating, defining, or punishing- the offence.
 

 Per Curlui. Ordered to be certified accordingly.