Totten, J.
delivered the opinion of the court.
The defendant was indicted in the circuit court of Weakly on a charge of perjury; he demurred to the indictment, and *540 judgment being rendered thereon in his favor, the State has appealed in error to this court.
The perjury is assigned upon the following writing, to wit: “ State of Tennessee, Weakly county, February 10, 1849. Samuel Roberts and Andrew Roberts, being summoned to appear before me, on the day and date above written, to answer the complaint of John J. Bradshaw in a suit brought against them on a note, due and under seal, to which said Samuel Roberts and Andrew Roberts’ names were annexed, with marks to each; and after being duly sworn, each of them, to wit, Samuel Roberts and Andrew Roberts, stated, that they neither assigned nor made their marks to said note, nor did they ever authorize any other person to do so ; and that the said note of three dollars, dated November 21, 1848, given one day after date, made payable to John J, Bradshaw, and to which the said Samuel Roberts and Andrew Roberts’ names and marks were annexed, is wholly unjust and forged. Sworn to and subscribed before me, the 10th day of February, 1849. Samuel Roberts, his ¡>4 mark, Andrew Roberts, his ¡*i mark, William B. Martin, J. P. of Weakly county.”
The writing was intended as a plea of non est factum and affidavit in support of the plea, as required by statute, and the question is, whether it is of such character as that perjury may be assigned upon it, if it be untrue.
The act of 1817, ch. 86, s. 2, provides that no person sued on any bond or note shall deny its execution, except on oath in writing, signed by such party.
The act of 1819, ch. 27, s. 4, provides that the plea of non est factum shall be filed in writing and supported by the oath of the party.
The effect of the statute is, that both the plea and oath shall be in writing. In the courts of record, where formal pleadings are required, the defendant shoirld aver in terms, that the bond or other instrument, is not his deed, and annex *541 his affidavit tothe truth of the plea. It puts in issue the existence of the instrument as the deed of the party at the time the plea is pleaded ; for the proper words of the plea are, that it is not his deed. 3 Chitty PI. 952; 2 Greenl. Ev. s. 300.
But in proceedings before a justice of the peace where the pleadings are oral and the practice informal, no more should be required under the statutes, than mere matter of substance. If the defendant deny the execution of the instrument which appears to be his deed, the denial and defence shall be in writing and verified by his oath. It should be a full denial of the deed and correspond in substance and effect with the more formal plea of non est factum, as it is understood in the courts of record.
Assuming this to be the proper rule of practice, we proceed to inquire whether the present case is in conformity to it. The plea recites the bond with as much certainty as if it had been set out on oyer; it then avers that defendant did not sign the same or make his mark thereto, nor ever authorized any one to do so for him, and that the same is _ “ wholly unjust and forged.” It is signed and sworn to by the defendant and properly attested by the justice.
We consider this to be in substance and effect a good and sufficient plea of non est factum, in the sense intended by the statutes referred to. It denies the execution of the bond, and avers it to be unjust and forged. If he had merely said that he did not sign the bond or authorize another to sign it for him, that would not be sufficient; for that might be true, and yet the party delivered it as his deed. But it cannot be true, that it is unjust and forged, and yet be the proper deed of the party. These words put its execution and existence as a valid instrument in issue, with as much certainty and distinctness as it could be done by the most formal plea. The word forged is a strong expression, and implies that the bond was fraudu *542 lently made by another to the prejudice of defendants’ right. 2 Russ, on Cr. 318.
Judgment reversed and prisoner remanded.