*B. W. Wilson*, for appellant.

*J. Gavin* and *O. B. Hord*, for appellee.

---

## THE STATE v. FLAGG.

INDICTMENT.—PERJURY.—An indictment for perjury, after describing the case in which the accused was sworn as a witness, the names of the parties, the issues joined, and the court in which the action was pending,

charged that the accused "did, upon the trial of the matters set forth in said pleadings, take his corporal oath" to testify, &c., touching the issues joined in a certain action then pending in said court, wherein A and B were plaintiffs and C was defendant, describing the parties as before.

*Held,* that the indictment charged with sufficient certainty that the action in which the defendant was sworn and testified as a witness, was the same action in which the issues described were joined.

APPEAL from the *Noble* Circuit Court.

RAY, J.—This case comes before us upon an appeal from the ruling of the Circuit Court in sustaining a motion to quash an indictment for perjury.

The indictment charges that, in the Court of Common Pleas of *Lagrange* county, in the State of *Indiana,* at the *April* term, 1863, in a certain action there pending, wherein *George A. Whitney, Miles Washburne* and *Theodore N. Fogue* were plaintiffs, and *James M. Flagg* was defendant, it was claimed by the plaintiffs in their complaint that they had delivered certain notes to said *Flagg* for collection, and that he had received the money thereon, and refused upon demand to pay the same to the plaintiffs; that the answer alleged payment, and the reply was a denial. The indictment then avers, "that said *James M. Flagg* did then and there, upon the trial of the matters set forth in said pleadings, take his solemn corporal oath, &c., to testify to the truth, the whole truth, and nothing but the truth, touching the issues joined in a certain action then and there pending in said Court of Common Pleas, wherein *George A. Whitney, Miles Washburne* and *Theodore N. Fogue* were plaintiffs, and *James M. Flagg* was defendant; that he, the said *James M. Flagg,* did then and there, after having been so sworn as aforesaid, on said trial of said action, feloniously," &c.

As we have not been favored with a brief by the appellee, we are at a loss to determine upon what ground the motion to quash was sustained. The only plausible reason we can discover is, that the court may have considered it uncertain, under the averments of the indictment, whether the suit in which the issues are set forth, although pending

in the same court and between the same parties, was the identical suit in which the defendant was sworn and testified as a witness, holding that if it were not the identical suit in which the issues were stated, it would not appear that he was sworn, or that the testimony was material to the point in question. We think, however, the objection is not well taken. The averment is, "that said *James M. Flagg* did, then and there, upon the trial of the matters set forth in said pleadings," &c. But, at all events, as the statute provides that the names of the parties to the action need only be set forth, and the court where the case is pending, it follows that the averment that, in the case in which he did testify, the issues embraced the matters set forth in the pleadings which had been already stated, and they show conclusively that his evidence, which is set out, was touching a matter material to the point in question. We do not, therefore, think that any uncertainty exists as to any fact necessary to be averred in the indictment.

The judgment is reversed, and the cause remanded with directions to the court below to overrule the motion to quash the indictment.

*D. E. Williamson*, Attorney General, for the State.