## THE STATE v. CUNNINGHAM.

1. **Criminal Law:** PERJURY: OATH TO TAX ASSESSOR: JURISDICTION OF ASSESSOR TO ADMINISTER: INDICTMENT. In an indictment for perjury, the jurisdiction and authority of the officer to administer the oath must be shown by proper averment; but this may be done either by an express averment that the officer had jurisdiction and authority, or by setting out such facts as make it judicially to appear that he had such authority and jurisdiction. In this case, where defendant was charged with perjury in making oath before the tax assessor, *held* that, upon the averment in the indictment that the assessor "was legally authorized and empowered" to administer the oath to defendant, the facts essential to his jurisdiction and authority to administer it might be shown, and that the indictment in that respect was sufficient.

2. ———: ———: ———: MATERIALITY OF STATEMENTS SWORN TO: INDICTMENT. In an indictment for perjury, the materiality of the alleged false testimony must be shown, either by express averment, or by the statement of such facts as show its materiality. And so, in an indictment for false swearing before a tax assessor in relation to the assessable property of defendant, it is necessary to allege that the property sought to be withheld from taxation by the false oath was assessable by the assessor who administered the oath; and, for want of such allegations, the indictment in this case (see opinion) *held* bad on demurrer.

*Appeal from Polk District Court.*

FRIDAY, APRIL 24.

THE grand jury of Madison county presented an indictment against the defendant, in which he was accused of the crime

of perjury.    On defendant's petition the venue of the cause
was changed to Polk county.    After the change of venue was
perfected, he filed a demurrer to the indictment, which was
sustained.    The state appeals.

*Smith McPherson*, Attorney-general, and *A. W. Wilkinson*, District Attorney, for the State.

*Ruby & Wilkins* and *Thomas S. Wright*, for defendant.

REED, J.—The indictment is as follows:  " The grand jury
of the county of Madison, in the state of Iowa, being legally
impaneled, sworn and charged, in the name and by the
authority of the state of Iowa, accuse John Cunningham of
the crime of perjury, committed as follows:    The said John
Cunningham, being then and there a resident of Crawford
township, Madison county, Iowa, on the twenty-fourth day
of March, A. D. 1881, in the county of Madison aforesaid,
in a proceeding in regard to a matter in and respecting which
an oath is by law required, to-wit:    In the matter of the
assessment for taxation of the personal property of him, the
said John Cunnigham, was then and there legally and duly
sworn by, and took his corporeal oath before, one Wm. H.
Kirby, who was then and there the legally elected and quali-
fied assessor of Crawford township, Madison county, Iowa,
and who was then and there authorized and required by law
to assess for taxation the personal property of the said John
Cunningham for the year A. D. 1881, and who was then and
there as such assessor legally authorized and empowered by
law, and by virtue of his said office of assessor, to administer an
oath in the matter and proceeding aforesaid to the said John
Cunningham; and the said John Cunningham, being duly
and legally sworn as aforesaid by the said Wm. H. Kirby,
then and there assessor as aforesaid, to speak the truth touch-
ing the matter aforesaid, willfully, corruptly, knowingly and
feloniously did then and there falsely swear, in substance and
effect, as follows:    That is to say, that he, said John Cun-

ningham, had then and there given in to said assessor, Wm. H. Kirby, for taxation, a full, true and correct inventory of all the taxable property owned by him and liable to taxation, and that he, said John Cunningham, owned no hogs, nor moneys or credits, on the first day of January, A. D. 1881; whereas, in truth and in fact, said statement as to his taxable personal property, thus made and sworn to by said John Cunningham, was then and there false, and known by said John Cunningham to be false when he made it, in this, to-wit: That said John Cunningham then and there knowingly and willfully concealed from said assessor, and failed to list for taxation, the following described personal property, moneys and solvent credits owned by said John Cunningham on the first day of January, A. D. 1881, and liable to taxation, as follows: Three hundred head of hogs over six months old; seventy-five head of neat-cattle; $250 due said John Cunningham from M. M. Gilleran; $600 due from James Egan to said Cunningham; $1,000 due from William Shay to said Cunningham; $500 due from J. W. Crosby to said Cunningham; $100 due from D. T. Miles to said Cunningham; $500 due from Patrick Doud to said Cunningham; $150 due from Joseph W. Forney to said Cunningham; $500 due from Patrick Doud to said Cunningham, being a second debt; $1,000 due from Patrick Gill to said Cunningham; $408 due from Patrick Doud to said Cunningham; $210 due from Annie Aherne and Annie Laughlin to said John Cunningham; $1,500 due from Patrick Doud on two obligations to said Cunningham; $520 due from J. and A. Hamahan to said Cunningham; $600 due from W. J. Dooley to said Cunningham; $700 due from Patrick Gill to said Cunningham; $1,000 due from F. J. Crosby to said Cunningham; $1,900 due from Patrick Curtis, Jr., to said Cunningham; $900 due from Thomas Dee to said Cunningham; $1,000 due from Thomas Connors to said Cunningham; $5,000 due from Jonah Shreeves to said Cunningham; $1,200 due from James Eagan to said Cunningham; $1,700

due from Thomas Curtis to said Cunningham; $170 due from Joseph W. Forney to said Cunningham,—contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Iowa."

The grounds of demurrer principally urged in argument by counsel for defendant are: (1) That it is not averred in the indictment that the oath was administered by said Kirby in the township in which he was assessor; and (2) that it is not averred that the property which defendant is charged with having concealed from the assessor was assessable in the township of his residence; nor that it was assessable by the assessor of that township.

I.   We think the first objection is without merit. It is averred that defendant was a resident of Crawford township, and that Kirby was the assessor of that township, and that the oath was administered in the matter of the assessment of defendant's property for taxation. It is also averred that the assessor was empower by law to administer an oath in the matter of said assessment. In an indictment for perjury, the jurisdiction and authority of the officer to administer the oath must be shown by proper averment. But this may be done either by an express averment that the officer had jurisdiction and authority, or by setting out such facts as make it judicially to appear that he had such authority and jurisdiction. 2 Bish. Crim. Proc., § 853. Upon the averment in this indictment that the assessor was authorized and empowered by law to administer the oath to defendant, the facts essential to his jurisdiction and authority to administer it may be shown.

II.   The second objection urged is fatal to the indictment. Defendant would not be guilty of perjury in taking the oath, which it is averred he did take, unless the property and credits named in the indictment were assessable for taxation in the township of his residence, or by the assessor of that township. For,

1. CRIMINAL law: perjury: oath to tax assessor: jurisdiction of assessor to administer: indictment.

2. ——: ——: ——: mate-riality of statements sworn to: indictment.

unless Kirby had jurisdiction to assess that particular property, the affirmation by defendant that he did not own it was entirely immaterial. The assessor is a township officer, and he has jurisdiction to assess such property only as is assessable in the township within which he is elected. Section 806 of the Code provides that, "when a person is doing business in more than one county, the property and credits existing in any one of the counties shall be listed and taxed in that county, and the credits not existing in or pertaining especially to the business in any county shall be listed and taxed in that where the principal place of business may be." The property described in the indictment under this provision may have been assessable in another county. And it is very clear that there is no presumption from the fact merely that defendant was a resident of Crawford township, in Madison county, that it was assessable by the assessor of that township. The materiality of the false testimony must be shown by the averments of the indictment. But this may be done either by an express averment, or by the statement of such facts as show its materiality. 2 Bish. Crim. Proc., § 854. There is no express averment in this indictment that Kirby had jurisdiction to assess the property and credits described in the indictment. The averment that he was authorized and required to assess the personal property of John Cunningham means no more than that he was authorized to assess such property belonging to him as was assessable in that township. But it is not shown, either by general averment or by any statement of facts, that the property described was assessable in Crawford township. The materiality of the alleged false statement, therefore, is not shown.

AFFIRMED.