## FRANKLIN v. THE STATE.

A bill of indictment which charges the offence of perjury as having been committed in a named city court, in a judicial proceeding therein, by falsely swearing to certain things in a matter material to the issue, which issue is described as being whether a named person "was guilty of selling liquor without license" in a given county on a given day, is insufficient, the same not averring that the city court had jurisdiction to entertain and determine the issue, or power and authority to administer an oath in the trial thereof, or that there was any indictment, accusation, warrant, or other means of putting the city court in possession of the case. The indictment is defective in not either alleging expressly that the city court had jurisdiction, or in not setting forth a state of facts from which the jurisdiction would appear without such express allegation. Selling liquor without license is not necessarily an offence, as a license is not required under the laws of this State to legalize the sale of any liquor except spirituous or intoxicating liquors.

May 29, 1893.

Before Judge HENRY.   Floyd superior court.   March term, 1893.

GEORGE & WALTER HARRIS and WRIGHTS & HARPER,. for plaintiff in error.

W. J. NUNNALLY, solicitor-general, *contra.*

SIMMONS, Justice.

This case comes before us upon exceptions to the overruling of a demurrer to the indictment.   The indictment charges the offence of perjury, as having been committed in "Floyd county city court," in a judicial proceeding therein, by falsely swearing to certain specified things in a matter material to the issue, which issue is described as being whether a named person "was guilty of selling liquor without license" in said county on a given day; but there is no averment that the city court had jurisdiction to entertain and determine the issue, or power and authority to administer an oath on the trial thereof, or that there was any indictment, accusation, warrant or other means of putting the city court in possession of the case.   We think the want of such an averment constituted a good ground of demurrer. The indictment should either allege expressly that the city court had jurisdiction, or set forth a state of facts. from which the jurisdiction would appear.   On this question the authorities differ only as to the manner in which the jurisdiction must be made to appear.   Mr. Bishop, in his work on Criminal Procedure, says :   " Since to render a false swearing perjury there must be an issue or inquiry before some tribunal or person competent in law to act thereon, this must be alleged, and in a way to. show the jurisdiction."   (Vol. 2, 3d ed. §905.)   "A. jurisdiction in the court or other official person being an element without which there can be no perjury, this. fact must  .  .  be disclosed in some way in allegation."   See also 18 Am. & Eng. Enc. of L. 314 ; 2 Archb..

Crim. Pl. & Prac. (Pomeroy's notes), 1719 *et seq.*; 3 Russell, Crimes, *60; State *v.* Plummer, 50 Maine, 217; Powers *v.* State, 17 Tex. App. 428. Jurisdiction of the matter on trial does not appear from the statement of the offence charged in the city court; for "selling liquor without license" is not necessarily an offence. A license is not required under the laws of this State to legalize the sale of any liquor except spirituous or intoxicating liquors.                              *Judgment reversed.*