## STATE *v.* S. J. JOLLY.

PERJURY.    *Sufficiency of indictment.    Code* 1892, § 1362.

An indictment for perjury that sets forth the court. proceeding, issue and trial in which, and the date at which, the perjury was committed, and is not otherwise defective, is sufficient, under § 1362, code 1892, wherein it is provided that "it shall be sufficient to set forth the substance of the offense charged upon the defendant; that he has sworn or testified on oath, and before what court. or before whom the oath or affirmation was taken, averring the court or person to have had competent authority to administer the same, together with proper averments to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information, indictment, declaration or any part of any record or proceeding, either in law or equity, and without setting forth the commission or authority of the court, or the commission or authority of the person before whom the perjury was committed."

FROM the circuit court of the second district of Chickasaw county.

HON. NEWNAN CAYCE, Judge.

Judgment for defendant.    State appealed.

The appeal in this case involves a review of the action of the court below in sustaining appellee's demurrer to an indictment for perjury.    The indictment sets forth the following: That on the eighteenth of October, 1894, in the second district of Chickasaw county, State of Mississippi, a certain issue was joined between the said state and S. J. Jolly, upon an indictment against him for unlawfully selling vinous and spirituous liquors, in the circuit of the second district of Chickasaw county, of which cause the said court had jurisdiction, and that on the said day, at the regular October term of the circuit court of said district, held at the courthouse thereof by the Hon. Newnan Cayce, circuit judge of said court, who was by law authorized to hold said court, the said issue and cause

between the said state and the said S. J. Jolly came on to be tried, and was then tried in due form of law by a jury of the second district, in that behalf duly taken and sworn, between the said parties; and upon the said trial upon the issue aforesaid, the said S. J. Jolly did then and there appear and tender himself as a witness in his own behalf, and was received to give evidence on behalf of himself, and did then, before the said court, take his corporal oath, and was then duly sworn by L. F. Baskin, clerk of said court, who, by law, was authorized to administer said oath, that the evidence he, the said Jolly, should give to the court and jury, sworn between the parties aforesaid touching the matters in question in said issue, should be the truth, the whole truth, and nothing but the truth; and thereupon on the trial of the said issue it became and was a material question and matter in the same whether the said Jolly did, on September 22, 1894, in the second district of Chickasaw county, State of Mississippi, sell vinous and spirituous liquors; and that thereupon the said Jolly, being so sworn as aforesaid, devising and intending to cause and procure a verdict to pass for him, did then and there, to wit, on the said October 18, 1894, upon the trial aforesaid, before the said court and jury, falsely, feloniously, wilfully, knowingly, corruptly and wickedly, and by his own proper act and consent upon his oath aforesaid, depose, swear and give evidence to the jury, so sworn as aforesaid, amongst other things, in substance and to the effect following—that is to say, that he, the said S. J. Jolly, did not sell vinous and spirituous liquors in the second district of Chickasaw county, State of Mississippi, on the twenty-second day of September, 1894, whereas, in truth and in fact, the said S. J. Jolly did, on September 22, 1894, in the second district of Chickasaw county, State of Mississippi, sell vinous and spirituous liquors, all of which he, the said Jolly, well knew, and so the grand jurors aforesaid, upon their oaths aforesaid, do say and present that the said Jolly, on the trial of the said issue, on the day and year aforesaid, and before the

court aforesaid, falsely, maliciously, wickedly, knowingly, corruptly and feloniously, in manner and form as aforesaid, did commit wilful and corrupt perjury, against, etc.

The grounds of demurrer assigned were as follows: 1. The indictment does not allege that the indictment upon which said Jolly was tried was found by the grand jury of the second district of Chickasaw county. 2. It does not set up the indictment on which said Jolly was tried, or some part thereof. 3. It does not allege who the said Jolly sold vinous and spirituous liquors to. 4. It does not allege that the said defendant sold liquors to anyone. 5. It does not allege that said indictment on which said Jolly was tried was ever found by any grand jury and returned into court. 6. It does not allege that said indictment was a legal and binding one. 7. It does not allege that the issue joined, upon which the supposed perjury was committed, was upon a valid indictment. 8. It does not allege that said Jolly knew he was swearing falsely at the time he swore in said case. 9. The indictment does not set out the indictment upon which said Jolly was tried sufficiently to identify the case. 10. It does not allege at what time or in what court said indictment was found and returned into court. 11. It does not allege that said indictment was found and returned into court by a grand jury of the circuit court of the second district of Chickasaw county. 12. The indictment upon which said Jolly was tried was an invalid one.

*Frank Johnston,* attorney-general, for the state.

All the grounds of demurrer are based upon the untenable theory that the proceedings in which the alleged perjury took place must be set out in the indictment. Such proceedings, according to the American doctrine, are mere matters of inducement, and may be set out in general terms. 2 Bish. Crim. Pro., § 905; 2 Chitty Crim. Law, 306, 307; 1 Bish. Crim. Pro., § 566.

The statute of 2 George II., c. 11, simplified indictments

for perjury very greatly, and similar statutes have been adopted by nearly all the states of the union, our own among the number.    Sec. 1362, code 1892.

Tested by the above provision of the annotated code, the indictment is sufficient.    It states the court, the trial, the issue, the proceeding in which the perjury was committed, all in clear and general terms, but explicitly enough to advise the defendant.

*T. J. Buchanan, Jr.*, and *W. D. Frazee*, for appellee,

Cited the following authorities in support of the demurrer: 2 Archibold Crim. Law, Waterman's notes, 1, 974; 2 Archibold's Crim. Pl. & Pr., Waterman's notes, 962; 36 Ga., 447; 91 Am. Dec., 772; 10 Am. & Eng. Enc. L., 454, 455 and note 1; 16 Blackf. C. C., 350; 1 Bish. Crim. Pl. & Pr. (2d ed.), § 530; *Lee* v. *State*, 64 Miss., 278; 2 Bish. Crim. Pl. & Pr. (2d ed.), § 920. .

WHITFIELD, J., delivered the opinion of the court.

The indictment was sufficient under § 1362, annotated code of 1892.

*Judgment is reversed, demurrer overruled and cause remanded for further proceedings.*