STATE *v.* ISAAC H. P. ROWELL.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON
and WATSON, JJ.

Opinion filed November 6, 1899.

*Perjury—Insufficient indictment*—Perjury may be committed on a trial under
an indictment which is afterwards held insufficient.

*Perjury—Indictment bad for uncertainty*—While perjury may be assigned by
reciting the false testimony relied on, an indictment is bad for uncer-
tainty which recites testimony in the course of which the false testi-
mony is alleged to be found, but which fails to point out in what speci-
fic answers the alleged perjury is contained.

INDICTMENT for perjury. Washington County, March Term,
1899, *Thompson,* J., presiding.

The respondent pleaded in bar of the indictment that the
alleged perjury consisted of testimony given by him in a former
trial upon an indictment which was insufficient, and was after-
wards quashed for insufficiency. To this plea the State filed a
demurrer which was sustained, and the plea adjudged insufficient.
The respondent was then ordered to plead over, and filed a general
demurrer to the indictment, which was overruled, and the case
passed to the Supreme Court before final judgment. All the
rulings of the trial court were made *pro forma.*

*Richard A. Hoar,* State's Attorney, for the State.

*Geo. W. Wing* and *T. R. Gordon* for the respondent.

TYLER, J. The respondent was indicted for perjury at the
September Term, 1896, Washington County Court. He filed a
demurrer to the indictment, which was overruled, and he was
ordered to plead over, without prejudice to the demurrer, and he
thereupon pleaded not guilty, was tried by jury at the following
March Term and convicted. Sentence was respited, and the cause
was passed to the Supreme Court, was heard at the January

Term, 1898, when the demurrer was sustained and the indictment quashed.

The present indictment was found at the September term, 1897, while the former one was pending in the Supreme Court, and charges the respondent with perjury in testifying in the trial upon that indictment.

I.   The first question is whether perjury can be committed in testifying in a trial upon an indictment which is finally adjudged insufficient.

Perjury is defined by Mr. Bishop as the wilful giving under oath, in a judicial proceeding or course of justice, of false testimony material to the issue or point of inquiry.   2 Bish. New Cr. Law, sec. 1015.

The testimony in this case having been given in a judicial proceeding, the court having jurisdiction of the parties and of the subject matter, and the testimony being material to the issue, the elements of the crime of perjury seem to be made out, if well alleged.

The respondent, however, contends that by reason of the insufficiency of the indictment, the trial was only a mistrial, that the proceeding was void, that the court had not jurisdiction of the subject matter of the suit to render a judgment of which the respondent could avail himself in a subsequent prosecution for the same cause—that there was no issue to which the testimony was material.

It is true that in an extra-judicial proceeding, where an oath could not lawfully be administered, perjury by falsely testifying could not be committed.   This was so held in *Rex* v. *Cohen*, 1 Stark. 416, cited in 1 Bish. New Cr. Law, sec. 440, n.   There a statute provided that upon the death of a co-plaintiff the suit should abate unless the death was suggested upon the record, and a co-plaintiff dying after issue joined without such suggestion, a trial was extra-judicial, and perjury could not be assigned upon any false testimony given.   And in *Commonwealth* v. *White*, 8 Pick. 452, a justice of the peace tried and convicted a person for

a certain misdemeanor under a statute that had been abrogated by a subsequent one, which gave jurisdiction to the Court of Common Pleas; *held*, that the whole matter was *coram non judice*, that an oath could not lawfully be administered, and therefore the defendant could not have committed perjury in testifying. Numerous cases of this kind might be cited, where the proceedings being void, it was held that perjury could not be assigned. In this case the indictment was regularly found, the trial court held it sufficient and tried the respondent upon it, but this court held it insufficient in not alleging that the writing, which the respondent was charged to have sworn falsely to was one which the law required to be verified by oath. A judgment upon a verdict of guilty would have been valid unless reversed, and a judgment upon a verdict of acquittal would have been a bar to another prosecution for the same offense.

The trial court had power to hear and determine the cause and this constituted jurisdiction of the subject matter. *Vaughn* v. *Congdon*, 56 Vt. 111; *Perry* v. *Morse*, 57 Vt. 509. The case, therefore, is entirely different from one where the oath is administered by a person having no legal authority for so doing, as by a person acting merely in a private capacity, or who has authority to administer certain oaths but not the one in question, or by one who has authority seemingly colorable, but which is in fact unwarranted and merely void. In such cases the oath is not perjury, for it is altogether idle. 1 Russ. on Cr., 2nd ed., 520. The case is not different in principle from one where there is a mistrial by reason of error in the admission or rejection of evidence, or in instructions to the jury, or where judgment is arrested by reason of a defect in the declaration, in which cases it could not be seriously contended that false testimony did not constitute the alleged crime.

If the crime of perjury consisted wholly of the wrong done in procuring an unjust verdict, there would be a semblance of reason in claiming that when the verdict was set aside by reason of an insufficient indictment the proceeding was a nullity, and

perjury had not been committed. But a wrong verdict, though it may be the result of perjury, is not its essence. All the authorities agree that a prosecution for the offense is not grounded upon the injury or inconvenience which an individual or the public may sustain, but upon the abuse and insult to public justice. 2 Chit. Crim. Law, 157; 7 Bac. Abr. 426. Accordingly it is held that it is immaterial whether the false oath is credited by the triers of the fact or not, or whether the person to whose prejudice it was taken is damaged by it or not. Bac. Abr. *supra ;* 2 Bish. New Cr. Law, sec. 1028.

So it has been held that a witness is guilty of perjury who testifies falsely to a material fact, although he was not competent as a witness in the case, or to prove the particular fact concerning which he testifies. *Chamberlin* v. *People,* 23 N. Y. 85; 80 Am. Dec. 255.

It is laid down in 2 Russ. on Cr., 6th ed., 318, that perjury may be committed on the trial of an indictment which is afterwards held bad upon a writ of error, and *R.* v. *Meek,* 9 C. & P. is cited as authority. There it was objected that the evidence of the defendant could not have been material, as the former indictment was held bad upon a writ of error for an insufficient assignment of perjury, but the objection was overruled, the court remarking that it would be rather too much to say, that whether a witness had committed perjury or not, could depend upon the validity in point of form of the indictment as to which he had testified. The ruling sustaining the State's demurrer to the respondent's plea was correct.

II. This indictment is demurred to as insufficient. The simplified form under No. 29, Acts of 1890, V. S. 5417, form 48, is :

" STATE OF VERMONT,                 }      Be it remembered
...................... COUNTY, ss.  )  that at a term of the
County Court begun and held at........within and for the
county of...........aforesaid, on the....day of...........

A. D............., the grand jurors within and for said county of............upon their oath present, that A. B. of........ in the county of............, at........ in the said county of ............on the....day of........in the year of our Lord eighteen hundred and............appeared as a witness in a proceeding in which C. D. and E. F. were parties, then and there being heard before a tribunal of competent jurisdiction, and committed the crime of perjury, by testifying in substance as follows: (Here set out the matter sworn to and alleged to be false,) which said testimony was material to the issue then and there pending in said proceeding, against the peace and dignity of the State."

This form is followed in the present case down to and including the charge that the respondent "committed the crime of perjury," where it is alleged that he "then and there falsely testified in answer to interrogatories substantially as follows," and then follows more then six hundred questions to and answers by the respondent, covering nearly forty printed pages, and concluding with the words, "which said testimony was material to the issue then and there pending in said prosecution, contrary to the form of the statute," etc.

The indictment, without the testimony, only alleges that the respondent was a party to a proceeding tried in the County Court; that he appeared as a witness therein, and that being sworn to tell the truth relative to such proceeding, he committed the crime of perjury, and the alleged false testimony is recited to show the crime.

The indictment cannot be held good unless it can be construed to allege that the respondent swore falsely in his answers to each and every interrogatory. It cannot be so construed. It would be absurd to give it the construction that he swore falsely about his name and residence, for they are given by him the same as they are stated in the body of the indictment. Neither is it presumable that it was intended to charge that he swore falsely when he testified that he was a tax payer in Montpelier, and as such, in the year 1895, made out and signed his inventory

and handed it to one of the listers. The same may be said of many other answers given by him in the course of his examination.

There being no designation of the matter or matters in the respondent's testimony that are claimed to be false, the indictment is bad for uncertainty. It does not apprise him of the cause and nature of the accusation against him.

The state relies upon *State* v. *Camley*, 67 Vt. 323, as authority for sustaining this indictment, for there, when the specification of perjury is reached, certain questions and answers are recited, which do not appear in the published case. While that case is authority for holding that the perjury need not be assigned otherwise than by reciting the testimony, it is not authority for holding that a great mass of testimony may be thrown into an indictment without pointing out in what answers to questions the alleged perjury is contained.

*The pro forma ruling is reversed ; demurrer sustained ; indictment held insufficient, and quashed.*