CASE 32.—INDICTMENT AGAINST ARTHUR COMBS FOR
        PERJURY.—April 11.

# Commonwealth v. Combs.

Appeal from Lee Circuit Court.

ROBERT RIDDELL, Circuit Judge.

From a judgment sustaining a demurrer to the indictment the commonwealth appeals. . Reversed.

1.  Perjury—Indictment—Jurisdiction of Officer.—An indictment
    for perjury alleged that defendant was duly sworn by G.,
    a justice of the peace of L. county, to testify the truth on
    the examining trial in the case of the commonwealth against
    defendant and others, charged with the murder of N., then
    pending before G., who had authority to administer such
    oath, etc. Held, that a justice of the peace being authorized
    under certain circumstances by Cr. Code Prac. sec. 71, sub-
    sec. 3, to conduct a preliminary examination of a person
    charged with homicide, the indictment was not defective for
    failure to allege facts showing that such authority existed
    in the instance in question, such facts being proper to be
    offered in evidence at the trial.
2.  Same—Elements of Offense.—Cr. Code Prac., sec. 134, pro-
    vides that an indictment for perjury is sufficient, if it sets
    forth the substance of the controversy or matter in respect
    to which the offense was committed, the court or officer
    before whom the oath alleged to be false was taken, that
    such court or person had authority to administer the oath,
    with proper allegations of the falsity of the matter on which
    the perjury is assigned.  Held, that an indictment alleging
    that defendant, after being duly sworn by G., a justice of the
    peace of L. county, to testify the truth at the examining
    trial of defendant and certain others, charged with the murder
    of N., then pending before such justice, who had authority
    to administer such oath, did unlawfully, willfully, etc., testify
    that he did not at a certain time and place have a certain

vol. 125—18.

conversation with deceased, when in fact defendant had such conversation, and that his testimony so given was material and false, etc., sufficiently charged the commission of perjury.

N. B. HAYS, Atty. Genl. and C. H. MORRIS for Appellant.

J. P. ADAMS of Counsel.

A justice may act in the capacity of an examining court in two instances. First, if he is the justice living nearest the county seat, if the county judge be absent, or if the county judge be absent, and the justice nearest the county seat, and the police judge of the town, be absent. So on the face of the indictment, the indictment was good. The question might be one that could be raised on the trial, and if it could then be shown that the county judge was present in the county and was under no disability to try it would be good defense, or, if the county judge was absent, and, the other conditions did not appear, which would give the particular justice jurisdiction, it would be a matter of defense. So we maintain that the demurrer should have been overruled, and we ask that the court so certify, and that a trial may be had on the indictment.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Lee circuit court sustaining a demurrer to an indictment returned by the grand jury of that county against appellee for perjury.

The indictment is as follows: "Lee Circuit Court. The Commonwealth of Kentucky v. Arthur Combs. The grand jury of Lee county, in the name and by the authority of the commonwealth of Kentucky, accuse Arthur Combs of the crime of perjury, committed as follows, to-wit: That said Arthur Combs on the 3d day of July, 1906, in the county aforesaid, after being duly sworn by Ibzan McGuire, a justice of the peace of Lee county, to testify the truth on the examining

trial in the case of the commonwealth of Kentucky against John P. Gum, Arthur Combs, and John Anderson, charged with the murder of William Newman, then pending before the said Ibzan McGuire, who had authority to administer such oath, did unlawfully, willfully, corruptly, knowingly, falsely and feloniously testify as a witness in said cause that he did not tell J. P. Sizemore, Strat Evans, William Sternberg and Felix Sternberg at his house that the said John P. Gum said to the deceased, William Newman, on the night the said Newman was killed, 'Ain't you the man that knocked me down?' and that Newman said, 'Yes, and I can do it again,' when in fact and in truth the said Arthur Combs did say to J. P. Sizemore, Strat Evans, Wm. Sternberg and Felix Sternberg that the said John P. Gum said to the deceased, Wm. Newman, 'Ain't you the man that knocked me down?' and that Newman said, 'Yes, and I can do it again,' which testimony was false and untrue, and was known by the said Arthur Combs to be false and untrue at the time that he so testified, and the said testimony being material to the issue in the trial of the said case of the commonwealth of Kentucky against the said John P. Gum, Arthur Combs and John Anderson—against the peace and dignity of the commonwealth of Kentucky.''

As the indictment in form and substance appears to allege such facts as are necessary to constitute the crime of perjury, we would be at a loss to know upon what ground the demurrer was sustained by the lower court, but for the information furnished by the brief of the Attorney General, which advises us that it was because it appears from the language of the indictment that the alleged false statement made by

appellee, constituting the crime of perjury charged, were made in the examining trial of John P. Gum, Arthur Combs, and John Anderson, charged with the crime of murder; that the trial was had before one Ibzan McGuire, a justice of the peace of Lee county, by whom appellee was sworn as a witness before and at the time of giving the false testimony constituting the crime of perjury, and, it not appearing from the language of the indictment that McGuire as a justice of the peace was legally authorized, or had jurisdiction to preside at such trial, the silence of the indictment as to the facts necessary to confer such jurisdiction was held by the lower court to render it fatally defective, and make impossible the conviction of appellee of the crime charged.

This conclusion of the court was doubtless based on section 71, subsec. 3, of the Criminal Code of Practice, which provides: "When any person is arrested, charged with homicide, he shall be carried before the county judge for an examining trial, if the county judge is absent from the county, or cannot properly preside in the case, the party arrested shall by the officer or person having him in charge, be carried to the justice of the peace, living nearest to the county seat, for an examining trial, or to the police judge of the town which is the county seat, for an examining trial. If the justice of the peace be absent from his district, or police judge be absent from the town, or either of them cannot properly preside, then any other justice of the peace may act as an examining court in the trial of the person arrested." The ruling of the circuit court in sustaining the demurrer cannot be justified upon the ground indicated. There is no question but that a justice of the peace may act as an examining court

in a charge of homicide in certain states of case; but the failure of the indictment, in a case like the one at bar, to set forth the facts conferring upon him jurisdiction to act, will not authorize the presumption that he was without such jurisdiction, or make the indictment bad on demurrer. If, however, appellee, instead of demurring to the indictment, had gone into the trial, and the proof had shown the absence of any of the conditions, the existence of which would be necessary to confer upon McGuire authority to act as an examining court in a case of homicide, it would have constituted a good defense to the charge in the indictment. The question raised by the demurrer is one to be made on the trial.

Section 134, Cr. Code Prac., provides: "In an indictment for perjury or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned, but the indictment need not set forth the pleadings, record or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed." The indictment seems to conform to all the requirements of the section supra. Its allegations that appellee was "duly sworn by Ibzan McGuire, a justice of the peace of Lee county, to testify the truth on the examining trial in the case of the commonwealth of Kentucky against John P. Gum, Arthur Combs, and John Anderson, charged with the murder of Wm. Newman, then pending before the said Ibzan

McGuire, who had authority to administer such oath, * * *'' was all that was necessary to be said in the indictment on the subject of the latter's authority to preside on the trial, and to administer the oath to appellee under cover of which he gave the alleged false testimony. If he did not have or rightfully exercise the authority alleged, such want of authority can be shown by competent evidence on the trial. On its face the indictment in apt language sufficiently charges appellee with the crime of perjury; that is, "the willful giving, under oath, in a judicial proceeding, or in the course of justice, of false testimony, material to the issue." Commonwealth v. Maynard, 91 Ky. 131, 12 Ky. Law Rep. 710, 15 S. W. 52. The demurrer should therefore have been overruled.

Judgment reversed, and cause remanded for further proceedings consistent with the opinion.