STATE OF MAINE *vs.* SAMUEL D. CROCKER.

Penobscot.    Opinion January 31, 1910.

*Indictment.    Demurrer.    Perjury.    Revised Statutes, chapter 123, section 4.*

1.  A demurrer does not oblige the court to assume to be true what is manifestly untrue.

2.  When in an indictment for perjury is set out the entire testimony of the defendant and all of it is alleged to be material and false when parts of it are manifestly immaterial or not false the indictment does not sufficiently apprise the defendant of the real charge against him, and is therefore insufficient to require him to answer.

On exceptions by defendant.    Sustained.

At the August term, 1908, Supreme Judicial Court, Penobscot County, an indictment was returned against the defendant for perjury.    The defendant demurred to the indictment, the demurrer was overruled and the defendant excepted.

The case is stated in the opinion.

*H. H. Patten,* County Attorney, for the State.

*Fellows & Fellows,* for defendant.

VOL. CVI 24

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

EMERY, C. J.   This indictment for perjury, is as to form, substantially that permitted by the statute, R. S., ch. 123, sec. 4; but in setting "out the matter sworn to and alleged to be false" the entire testimony of the defendant in the proceeding referred to is set out from the statement of his name to the last answer upon the final cross-examination and occupying twenty-two printed pages. The indictment contains no assignment of perjury in any part of the testimony, but charges the whole to be material and false.   If it be said that the demurrer admits all this testimony to be material and false, the answer is that much of the testimony so set out is upon its face immaterial, and no admission can make it material.   It is the same as to the allegation of falsity.   It cannot all be false. The demurrer does not require the court to assume to be true what is manifestly untrue.

It is evident that the indictment does not sufficiently apprise the defendant of the real charge against him, of what part of his testimony the State proposes to show to be material and false.   It is bad for uncertainty.   *State* v. *Ela*, 91 Maine, 309 ; *State* v. *Rowell*, 72 Vt. 28.

> *Exceptions sustained.*
> *Demurrer sustained.*
> *Indictment adjudged bad.*