## 25344. WILLIFORD *v.* THE STATE.

DECIDED APRIL 8, 1936. REHEARING DENIED MAY 7, 1936.

*Ben C. Williford, Giles & Scheck,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

GUERRY, J. Ben C. Williford was indicted for the offense of perjury. The indictment contained five counts. In the first count it is alleged that he "did wilfully and knowingly swear absolutely falsely in a judicial proceeding in the superior court of Fulton County," this proceeding being a petition to disbar defendant Ben C. Williford from the practice of law in the State of Georgia, in that he did file in the superior court of Fulton County a plea of res adjudicata to said suit, wherein he alleged in paragraph 1: "That on the 5th day of January, 1922, there was a suit filed against this defendant to disbar him by R. D. Smith, H. S. Murray, and T. A. McNicholas, residents and citizens of Tift County, Georgia, on the same grounds as are set out in plaintiff's petition in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10," and in paragraph 4 thereof "that said suit came on regularly for trial in the superior court of Tift County, Georgia, as aforesaid, on December 5, 1922, when, upon oral motion in the nature of a general demurrer by this defendant's attorney, W. B. Bennett, the same was dismissed and disallowed by his honor, R. Eve, judge of Tift superior court, then and there presiding," to which plea he attached the following affidavit: "Georgia, Fulton County. You, Ben C. Williford, do swear that the facts and things as set out and alleged in your original plea of res adjudicata, so far as you know them, are true; and so far as you have been advised you believe them to be true; so help you God. Ben C. Williford. Sworn to and subscribed before me, this the 30th day of July, 1935. W. R. Biggers, Notary Public, Georgia, State at large," and that the allegation that "upon oral motion in the nature of a general demurrer by this defendant's attorney, W. B. Bennett, the same was disallowed by his honor, R. Eve, judge of Tift superior court, then and there presiding," was absolutely false, "was known by accused to be false," in that the "truth is that said suit No. 483 in the superior court of Tift County was disposed of by an order of Judge R. Eve, judge of the superior court of Tift County, in the following language: 'Upon motion of R. D. Smith, one of the petitioners and attorney for petitioners, the written petition is withdrawn in open court, this Dec. 5, 1922. R. Eve, J. S. C. T. C.'"

Count 2 alleged that the defendant "did wilfully and knowingly swear absolutely falsely" in the same proceeding as count 1, in that

he filed a motion to dismiss because of res adjudicata, setting up the same facts as set out in the plea of res adjudicata theretofore filed, and attached to said motion a purported copy of the original petition in the suit alleged to have been filed against him in Tift superior court, together with purported copies of all entries and orders thereon, including the order of the judge of said court disposing of the same. This purported order of disposition was set out as follows: "Dismissed in open court, This Dec. 5, 1922. R. Eve, J. S. C. T. C." To this exhibit he attached the following affidavit: "Georgia, Fulton County: You, Ben C. Williford, do swear that the above and foregoing copy of a suit filed to disbar you on January 5, 1922, and by oral motion in the nature of a general demurrer dismissed by R. Eve, judge of the superior court of Tift County, Georgia, December 5, 1922, is true; so help you God. Ben C. Williford. Sworn to and subscribed before me, this the 30th day of July, 1935. W. R. Biggers, Notary Public, Georgia, State at large." And to which motion to dismiss he attached a similar affidavit, and that said order of disposition as set out in the motion and in the copy of the defendant's plea, and sworn to under the affidavit of the defendant as above set out, and also by the affidavit to the motion to dismiss, was false in that the order of disposition read: "Upon motion of R. D. Smith, one of petitioners, and atty. for petitioners, the within petition is withdrawn. In open court, This Dec. 5, 1922. R. Eve, J. S. C. T. C."

Count 3 alleged in substance that the defendant did wilfully and knowingly swear absolutely falsely, in the same proceeding as set out in counts 1 and 2, in that in the proceeding to disbar the defendant the petition alleged in paragraph 1 that "Ben C. Williford is a resident of above State and county [the petition being captioned "Georgia, Fulton County"], is licensed to practice law in the State of Georgia, and maintains an office and practices law in said county;" and that in the answer filed by the defendant to this petition, to which the following affidavit was attached: "Georgia, Fulton County: You, Ben C. Williford, do swear that the facts and things as set out and alleged in your original plea and answer, so far as you know them, are true, and so far as you have been advised you believe them to be true; so help you God. Ben C. Williford. Sworn to and subscribed before me, this the 30th day of July, 1935. W. R. Biggers, Notary Public, Georgia, State

at large," it is alleged in paragraph 1 "That he denies that part of paragraph one that alleges he is a resident of Fulton County, Georgia;" that this allegation of his answer was false, "was known to accused to be false at the time he so swore to the same," and that the "truth was and is that accused was, at the time of making the affidavit, . . a resident of Fulton County, Georgia, and an attorney maintaining an office and practicing law in Atlanta, which is the county seat of said county, and that he is now a resident of said county and an attorney practicing law in said city."

Count 4 alleged in substance that the defendant did swear falsely in the same proceeding as set out in counts 1, 2, and 3, in that in the proceeding to disbar the defendant the petition alleged in paragraph 1 that "Ben C. Williford is a resident of above State and county [the petition being captioned "Georgia, Fulton County"], is licensed to practice law in the State of Georgia, and maintains an office and practices law in said county," and that in the plea to the jurisdiction filed by the defendant to this petition, to which the following affidavit was attached [being the same affidavit as set out in count 1], "that at the time of the commencement of the said suit, on the 17th day of April, 1935, and from thence hitherto, the defendant resided and was a citizen of said county of Tift, and is not a resident and citizen of the county of Fulton," which allegations "were and are absolutely false, were known to accused to be false at the time he so swore to the same," and the "truth was and is that accused was, on April 17th, 1935, and has been continuously since that time a resident of Fulton County, Georgia, and an attorney maintaining an office and practicing law in Atlanta, which is the county seat of said county." It becomes unnecessary to set out count 5, in view of the fact that since this case appeared in this court on demurrer the defendant has been tried, and the jury has returned a verdict of not guilty as to this count.

The defendant filed an elaborate demurrer to the indictment as a whole, and to each separate count. The demurrer as a whole makes substantially the following questions: (1) Do the allegations of the indictment set out the crime of perjury? (2) Is it necessary that the "judicial proceeding" in which the indictment alleges the defendant committed perjury, be finally terminated

before indictment for perjury will lie? (3) Where an indictment for perjury sets out and charges the defendant with perjury in that certain parts of his pleas and answer, which were under oath, contained false statements, was it necessary to attach to the indictment or set out therein the entire plea or plea and answer of the defendant? (4) Does it sufficiently appear from the allegations of the indictment in the original suit that the court had jurisdiction thereof? (5) Does it sufficiently appear from the allegations of the indictment that the matters alleged to have been false were material to the issues? (6) Can an indictment for perjury be based on an oath to certain facts, where the oath recited: "You [affiant] do swear that the facts and things as set out and alleged in your original plea of——————, so far as you know them, are true, and so far as you have been advised you believe them to be true"?

1. The question made by number 1 (above) is whether perjury may be committed by the making of false affidavits required in support of pleadings in civil matters. In other words, is the false verification of pleadings by oath (the verification by oath being required by law) false swearing, "in a matter material to the issue or point in question, in some judicial proceeding"? We think the question must be answered in the affirmative. In certain instances the required oath in support of a plea or an answer is a condition precedent to its being heard at all and as such is a necessary part of the proceeding. If the plea or answer set up a matter or a state of facts which is material to the issue involved, and these facts are verified by an oath, such oath is in reference to a matter material to the issue and in connection with a judicial proceeding. In 2 Bishop's Criminal Law, § 1032, it is said, concerning the materiality, that "whatever evidence tends to influence the result of the direct or any collateral issue is material within our present doctrine, but what is not thus adapted to affect any result is not thus material." In *Black* v. *State,* 13 *Ga. App.* 541 (79 S. E. 173), it is said: "A test of materiality is whether the alleged false statement could have influenced the decision as to the question at issue in the judicial proceeding in which the perjury is alleged to have been committed. If the statement influenced the decision of the tribunal to which it was made, it was material to the investigation." A precedent to

what is here being held is found in State *v.* Roberts, 30 Tenn. 539, in which it was held that one may be guilty of perjury in knowingly and wilfully swearing to a false affidavit, made in support of a plea of non est factum. "Perjury may be committed in the verification of pleadings." 8 C. J. 853. "A complaint in a civil action pending in a court having jurisdiction to hear the cause is a material matter in the proceeding, and an oath verifying it is one in regard to a matter before a court and is authorized by law." It was there held that a verification of such a petition if done falsely and wilfully constitutes the crime of perjury. See also People *v.* McCaffrey, 75 Mich. 115 (42 N. W. 681); Cowan *v.* State, 15 Ala. App. 87 (72 So. 578); State *v.* Dowd, 201 N. C. 714·(16 S. E. 205). This court, and the Supreme Court, have ruled that a charge of perjury may be predicated on an affidavit made to procure the issuance of a warrant for the arrest of another. See *Herring* v. *State,* 119 *Ga.* 709 (46 S. E. 876); *Sewell* v. *State,* 61 *Ga.* 496; *Davis* v. *State,* 7 *Ga. App.* 680 (67 S. E. 839); *Pennaman* v. *State,* 58 *Ga.* 336; *Rowe* v. *State,* 99 *Ga.* 706 (27 S. E. 710). From the authorities carefully considered and cited we are convinced that a charge of perjury was properly predicated on the false oaths made in connection with the pleadings filed to the suit in the superior court to disbar the defendant, and that the demurrer in this respect is without merit.

2. The next question raised by the demurrer, as already pointed out, is whether it be necessary that the proceeding in which, as the indictment charges, the perjury was committed, be terminated. This question is answered in the negative by all respectable authority. See State *v.* Keene, 26 Me. 33; Finch *v.* U. S., 1 Okla. 396 (33 Pac. 638); Com. *v.* Moore, 9 Pa. Co. Ct. Rep. 501; State *v.* Rowell, 72 Vt. 28 (47 Atl. 111, 82 A. S. R. 918); Hereford *v.* People, 197 Ill. 222 (64 N. E. 310); People *v.* Hayes, 140 N. Y. 484 (35 N. E. 951, 23 L. R. A. 830, 37 Am. St. R. 572).

3. It was not necessary to set forth the entire pleadings in the proceeding wherein the perjury is alleged to have been committed. See State *v.* Avery, Man. Unrep. Cas. (La.) 258; Bradford *v.* State, 134 Ala. 141 (32 So. 742); People *v.* Ah Bean, 77 Cal. 12 (18 Pac. 815); Humphreys *v.* State, 17 Fla. 381; State *v.* Flagg, 25 Ind. 369; Com. *v.* Combs, 125 Ky. 273 (30 Ky. L. R. 1300, 101 S. W. 312); State *v.* Bixler, 62 Md. 354; State *v.* Jolly, 73

340

Miss. 42 (18 So. 541); Hinch v. State, 2 Mo. 158; State v. Hoyle, 28 N. C. (6 Ircd.) 1; State v. Witham, 6 Ore. 366. Such a requirement was recognized by the common law, but was expressly done away with by 23 Geo. II, c. 11, § 3, which is stated in *Herring* v. *Slate,* 119 *Ga.* 709 (46 S. E. 876), to be a part of the law adopted in this State.

4. It is necessary in an indictment for perjury to allege (1) before what court the alleged offense was committed, and, (2) that such court had jurisdiction of the subject-matter and the person. Maynard v. People, 135 Ill. 416 (25 N. E. 740); State v. Cunningham, 66 Iowa, 94 (23 N. W. 280); Steinston v. State, 14 Tenn. (6 Yerg.) 531; Com. v. Pickering, 49 Va. (8 Grat.) 628 (56 Am. D. 158). The allegation as to the court in which the perjury was committed is distinctly alleged. It is settled that the allegation as to jurisdiction may be made either by direct averment or by a statement of facts from which jurisdiction may be inferred. Com. v. Knight, 12 Mass. 274 (7 Am. D. 72); People v. DeCarlo, 124 Cal. 462 (57 Pac. 383); Eighmy v. People, 79 N. Y. 546; *Franklin* v. *Slate,* 91 *Ga.* 712 (17 S. E. 987). Jurisdiction of the subject-matter and of the person of the defendant is alleged by distinct averment of the indictment. This ground of the demurrer is obviously without merit.

5. As to the materiality of the alleged false oaths, it may be shown by a direct averment of that fact, or by setting forth the facts from which the materiality is made apparent or necessarily inferred. 2 Wharton's Criminal Proc., § 1096, and cit.; *King* v. *Slate,* 103 *Ga.* 263 (30 S. E. 30). The materiality is shown both by direct averment and by allegations from which its materiality may be inferred.

6. It is insisted that prosecution for perjury may not be based on an affidavit which states that the facts are sworn to be true "so far as you know them are true, and so far as you have been advised you believe them to be true." "One who swears to a matter as to the best of his knowledge, information, and belief is guilty of perjury where he did not believe that the matter sworn to was true." 48 C. J. 825. "A false statement of an opinion or belief may constitute the offense." 48 C. J. 825. In *Herring* v. *Slate,* supra, it was said: "An affidavit made by one to obtain a criminal warrant may be the basis of an indictment for suborna-

tion of perjury, and such indictment is not demurrable because it appears that from the indictment that the words 'to the best of his knowledge and belief' were inserted in the affidavit, as in the form prescribed for procuring such a warrant, it further appearing that the indictment charged that the alleged suborner and perjurer both knew that the charge contained in the affidavit was false; nor was the indictment in this case demurrable because it contained no averment that the false affidavit was actually used in procuring a warrant, nor because the offense was not set forth with more particularity, nor for any other reason assigned." See also *Davis* v. *State,* 7 *Ga. App.* 680 (4) (67 S. E. 839); *Stewart* v. *State,* 37 *Ga. App.* 386 (140 S. E. 415). It was not error to overrule the demurrers to the indictment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*