2494.    DAVIS, *alias* SWEAT, *v.* STATE.

1. The 4th, 5th, and 6th grounds of the amended motion for a new trial
   are without merit, for the reasons stated in the opinion.
2. Where one who can neither read nor write is indicted for perjury,
   assigned on his affidavit, the evidence must show that the affidavit
   was read to him before he swore to its truth, or that he then knew
   and understood its contents. In this case a confession of the accused,
   made in the form of a second affidavit, and his statement to the jury
   on the trial, clearly show that when he made the affidavit as to which
   perjury was assigned, he was entirely familiar with its contents.
3. An affidavit made to obtain a criminal warrant, and on which the
   warrant was issued, is material to the issue arising on the warrant.
   Such an affidavit is the beginning of a judicial proceeding, and may
   be the basis of an indictment for perjury.
4. One who swears that a thing is true according "to the best of his
   knowledge and belief" makes an absolute statement as to his knowl-
   edge and belief. If it appears that when he so swore he had no knowl-
   edge or information whatever on the subject, but consciously swore
   falsely, he may be convicted of perjury, although the statement turns out
   to be true. The perjury consists in the false statement as to his own
   knowledge and belief on the subject.
5. No error of law appears, and the evidence supports the verdict.

Indictment for perjury; from Floyd superior court—Judge
Maddox. February 16, 1910.

Argued March 22,—Decided April 19, 1910.

*George A. H. Harris & Son,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.

HILL, C. J. The plaintiff in error was convicted of perjury.
His motion for a new trial was overruled, and he assigns error.
The perjury was assigned on the following affidavit: "State of
Georgia, Floyd County. Personally came Anthony Sweat, who on
oath saith that to the best of his knowledge and belief, Claude
Barnes did, on the 7th day of September, in the year 1909, in the

county aforesaid, commit the offense of gaming, and this deponent makes this affidavit that a warrant may. issue for his arrest.

[Signed] Anthony X Sweat. Sworn to and subscribed
his
mark

before me, this 22d day of September, 1909. E. P. Treadaway, N. P. & J. P." On this affidavit a criminal warrant was duly issued by the magistrate for the arrest of Claude Barnes, charging him with the offense of gaming. Subsequently the defendant made the following affidavit: "Georgia, Floyd County. In person appeared, before the undersigned official, Anthony Davis, who, being duly sworn, deposes and says that he is the prosecutor in two cases against Claude Barnes,—one case for selling whisky, the other for gaming; and while deponent was angry and mad because Barnes had caused deponent to be placed in jail, deponent conceived the idea of prosecuting Barnes, but deponent, after reflection, says that he is mistaken and in error as to each case; that he has never seen said Barnes sell whisky or gamble, and he hereby retracts what he has sworn in reference to the guilt of Barnes, and deponent verily believes Barnes innocent. No promise of reward or the hope thereof caused me to make this affidavit, but the same is made freely and voluntarily. [Signed] Anthony X Davis.
his
mark

Sworn to and subscribed before me this 23d day of September, 1909. Max Meyerhardt, N. P. F. C., Ga." The affiant in each affidavit was the same person; and after the second affidavit was made, he was charged with the crime of perjury in making the first affidavit. On his trial it was shown that he made the contradictory statements; and that the officer who signed the jurat of the second affidavit called his attention to the fact that he was contradicting directly the first affidavit he had made, and was thereby subjecting himself to prosecution for the offense of perjury. In addition, Claude Barnes testified positively that he did not commit the offense of gaming at the time stated in the affidavit, and had not committed it at any time within two years. On the trial of the charge against Claude Barnes for gaming, the plaintiff in error testified before the magistrate that several negroes participated with Claude Barnes in the offense of gaming. On the trial of the plaintiff in error for perjury, these negroes testified that his statement was untrue, and that they had never committed the offense

of gaming with Claude Barnes, and had never seen him gaming. It was also shown, by witnesses for the State, that the contradictory affidavit was freely and voluntarily made; one of these witnesses being Claude Barnes, and the other his attorney. The defendant proved by several witnesses that Barnes and the attorney had induced him to retract his affidavit against the former for gaming, and to make his second affidavit, under a promise that he would not be prosecuted and would be discharged from custody. The defendant, in his statement to the jury, said that he was induced to make the second affidavit, contradicting the first, by the promise and agreement of Barnes and Barnes' lawyer that he would be let out of jail if he made it, and would not be prosecuted; and also said that the justice of the peace who took his first affidavit asked him, when he made it, if Claude Barnes was guilty of the offense of gaming, and that he then told the justice that he was. There was no evidence tending to show that Claude Barnes had been guilty of the offense of gaming, either at the time stated in the defendant's affidavit against him or at any other time within two years. This is a brief statement of the material evidence in the case, both for the State and the defendant.

The motion for a new trial was based upon the usual general grounds, and the following special grounds contained in an amendment: (1) Because the court failed to sufficiently and explicitly set forth the defendant's contention that the first affidavit he made, and upon which the warrant against Barnes was issued, was true; that said affidavit only alleged to the best of his knowledge and belief, and defendant had sufficient grounds upon which to base his belief; that the last affidavit made by the defendant was false, and was not freely and voluntarily made, but was made under coercion and promises of reward and hope of benefit, and it was not the intention of the defendant to swear falsely when he made his first affidavit. (2) Because of the failure of the court, although requested in writing, to charge the law relating to confessions. (3) Because the court erred in charging the jury as follows: "You look to the indictment and see the charge in its entirety. It is charged in the indictment, in substance, that the defendant wilfully, knowingly, and absolutely swore falsely, in swearing out this warrant upon which this man Barnes was arrested. That is the issue upon which you are to pass, as to whether this defendant

was guilty or not guilty, as to the falsity of that affidavit." Movant contends that this charge did not sufficiently and clearly set forth the allegations against the defendant in reference to his intent; that the affidavit might have been false, and yet the defendant innocent; that the jury was not to pass upon the issue as to the falsity of that affidavit, but as to the intention of the defendant to swear falsely and contrary to his knowledge and belief, and without probable cause. (4) Because the uncontradicted evidence showed that the defendant could not read or write, that he signed the affidavit by mark; and there was no evidence that it was read over to him, or that he knew its contents. (5) Because the court erred in failing to charge the jury that the burden was upon the State to show that the affidavit that a warrant might issue for Claude Barnes' arrest was material to the issue, and that if the affidavit for Claude Barnes' arrest was neither necessary nor material to the issue of gaming, the defendant would not be guilty. (6) Because the court erred in charging the jury as follows: "If it has been shown that Claude Barnes gambled any time within two years prior to the making of the affidavit by Sweat, by which he is alleged to have perjured himself, then you would·find the defendant not guilty. That, gentlemen, depends upon the fact as to whether this affiant knew of that fact or not, and whether his affidavit was based upon that. The sole question is, at the time defendant made this affidavit as charged, if he made it, whether it was wilfully, knowingly, and absolutely false. If it was, you would be authorized to find him guilty. On the other hand, if not, you would find him not guilty." It is insisted that if the defendant did not know of Barnes' having gambled at any time within two years prior to the making of the affidavit, yet if Barnes was guilty and it was so proved, the defendant could not be guilty; that it is impossible to swear absolutely false when what has been sworn is absolutely the truth; that if Barnes was guilty and the defendant had probable cause so to believe, he could not be guilty of perjury.

1. The 3d, 4th, and 5th of these grounds of the amended motion, when considered in connection with the entire charge, are absolutely without any merit. The judge fully and fairly charged the contentions of the defendant. He. charged fully and correctly the law with reference to confessions, and he cautioned the jury that the confession should be freely and voluntarily made, without

being induced by the remotest fear of injury or the slightest hope of benefit, and should be scanned with great caution, and would need corroboration; that the jury should not consider it unless it was freely and voluntarily made and the defendant had sufficient knowledge of its contents and the responsibility connected with the making of it, and that before they would be justified in convicting the defendant of the crime of perjury as charged in the indictment, it must be shown that it was the defendant's intention to swear falsely at the time of the making of the affidavit; and that if the defendant had probable cause to believe that the affidavit he made was true, they should acquit him. The charge covered by these exceptions could not have been fairer, or better adjusted to the facts and circumstances of the case, or the law applicable more correctly stated than it was in this charge.

2.   As to the 6th ground, in which it is claimed that the defendant could neither read nor write, and that there was no evidence that the affidavit was read over to him, or that he knew its contents when he made it, it does appear that the defendant was illiterate and that he signed the affidavit by his mark, but the evidence distinctly shows that he knew its contents. This is shown by the contents of what is called his second affidavit. The evidence is that before he made the second affidavit the attesting officer called his attenion to the contradictory character of his two statements, and warned him that he was in fact contradicting the contents of the first affidavit made by him, and that in doing so he was committing the offense of perjury. His own statement expressly shows that when he made the first affidavit, he was asked, by the justice of the peace who attested it, if Claude Barnes, as stated in the affidavit, had been guilty of gaming, and that he replied that he had been; and this justice also testifies that he was particular to have the defendant swear that the contents of the affidavit were true as therein stated. Therefore the jury were fully warranted in the conclusion that the defendant knew the contents of his affidavit when he made it.

3.   The 7th ground is controlled by the decision of the Supreme Court in the case of *Pennaman* v. *State, 58 Ga.* 336, where it is held that an affidavit made by one to obtain a criminal warrant is material to the issue arising on the warrant, and may be the basis of an indictment for perjury. Such an affidavit, made for the pur-

pose of securing the warrant, is the beginning of a judicial proceeding.

4. In the last ground of the amended motion it is said that the statement in the affidavit upon which the perjury was alleged, that Claude Barnes, "to the best of [the affiant's] knowledge and belief," had committed the offense of gaming, was not an absolute statement as to the fact of gaming, and for this reason was not an affidavit upon which perjury could be assigned. The words "to the best of his knowledge and belief" are usually the form of every affidavit upon which criminal warrants are based; and it can not be doubted that such affidavits are sufficient upon which to assign perjury, if the statement therein contained is wholly and wilfully false. One who makes an affidavit "to the best of his knowledge and belief," as to the existence of a fact, makes an absolute assertion, either that he has knowledge of the existence of that fact, or has information which induces him to believe that the fact does exist; and, therefore, one who swears as to the existence of a fact of which he knows nothing of his own knowledge or otherwise, though it should turn out to, be true, would nevertheless be guilty of perjury. As stated by Bishop in his work on Criminal Law (vol. 2, § 1048), "If a man swears to a thing whereof consciously he knows nothing, he commits perjury, for the declaration of the witness is that he knows the truth of what he states; and if he is conscious he does not know it, he means to swear falsely, however the fact may prove to be." And as stated by him in the same work (vol. 1, § 437), "Perjury appears to be regarded as an attempt to subvert justice in a judicial proceeding, for a man commits this offense who testifies to what he believes to be false, or to what he knows nothing about, though it turns out to be true." See also 2 Russell on Crimes (3d Eng. ed.), § 597. To state the proposition somewhat differently. Absoluteness is an essential element of perjury, under the statutory definition in this State. If, therefore, a person merely deposes that a thing is true, without disclosing how or whereof he speaks as to the matter, he can not be convicted of perjury, unless the thing asserted to be true was in fact false. But if a person swear that a thing is true "to the best of his knowledge and belief," he may be convicted, if it appears that he did not believe the thing to be true, and had no knowledge or information on the subject, even though it may have existed un-

known to him. The perjury in the latter case would consist in his false statement as to his own knowledge and belief on the subject. *Herring* v. *State,* 119 *Ga.* 714 (46 S. E. 876).

5. Now as to the general grounds of the motion. We confess that what may be called the general complexion of the case does not strike us very favorably. Here was an ignorant negro in jail, and the evidence shows that the prosecutor in this case and his lawyer had procured from him this so-called second affidavit. No reason appears why the defendant should have made this statement so soon after he had made the first affidavit, and after he had testified in support of the first affidavit on the preliminary investigation against Claude Barnes for gaming, unless induced to do so as claimed by him. But the question was for the jury, and the court carefully instructed them not to accept the confession contained in this second affidavit, unless they believed it was freely and voluntarily made by the defendant. The jury having accepted the confession, and giving to it probative value, were authorized to believe that the statement contained in the first affidavit made by the defendant, that Claude Barnes had been guilty of the offense of gaming, was false, and was wilful perjury, and therefore that he was guilty as charged in the indictment; for, in addition to this contradictory confession, they had the positive testimony of Claude Barnes that he had not been guilty of gaming at any time within the past two years in Floyd county, and also the specific testimony of several negroes, whom the defendant charged with having participated in the offense of gaming with Claude Barnes, that such was not the truth. The testimony of Claude Barnes, corroborated by the confession of the defendant, would have been sufficient to authorize the jury to convict; for the soundness of the rule has never been questioned, that where there is one witness to prove a contrary state of facts, the confession of the defendant, contradicting the statement made by him on oath, renders unnecessary any additional evidence. Mayhew's case, 6 Car. & P. 315; People *v.* Burden, 9 Barb. 467; 9 Enc. Evidence, 764, and cases cited in the notes. This testimony for the State comes fully up to the requirement of the law, that to convict of perjury there must be two witnesses, or one witness and proof by corroborating circumstances.

*Judgment affirmed.*