[Crim. No. 1048.   Third Appellate District.—August 21, 1928.]

THE PEOPLE, Appellant, v. CLIFFORD L. BIHN, Respondent.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Charles Kaisch for Respondent.

FINCH, P. J.—This is an appeal from the order of the trial court granting defendant's motion for a new trial after his conviction of the crime of forgery. The evidence is sufficient to show that the defendant committed the forgery, and the only question to be determined is whether the trial court was warranted in granting a new trial on the ground that the evidence does not satisfactorily show that the crime was committed in Mendocino County.

The defendant was the representative at Ukiah, Mendocino County, of the Peppers Fruit Company. That com-

pany was indebted to M. Guide in the sum of $75.58 and it delivered its check for that amount, payable to the order of Guide, to the defendant at Ukiah, to be by him delivered to Guide. Guide never received or indorsed the check. Several days after it was so delivered to the defendant the check, with the name "M. Guide" written on the back thereof and also indorsed by the defendant, was passed over the counter of the West American Finance Company, in San Francisco, in part payment of an automobile which the defendant was purchasing on the installment plan. The cashier of the company testified: "I can't say it was Mr. Bihn himself, but it was given over the counter for his credit." It appears that Bihn was a resident of Ukiah. There is no other evidence tending to show where the forgery was committed. If it be conceded that the evidence is sufficient to warrant the inference that the crime was committed, in whole or in part, in Mendocino County, it does not follow that the order should be reversed. ■ The trial court is vested with a wide discretion in passing on a motion for a new trial, and where conflicting inferences may be drawn from the evidence, that drawn by the trial court is conclusive on appeal. (*People* v. *Knutte*, 111 Cal. 453, 455 [44 Pac. 166]; *People* v. *Canfield*, 173 Cal. 309, 312 [159 Pac. 1046].) It is a fair inference from the evidence that the defendant himself passed the check at the office of the West American Finance Company in San Francisco. Under the circumstances shown, it cannot be held, as a matter of law, that the only reasonable inference from the evidence is that he forged the indorsement on the check in Mendocino County. The charge herein is that the defendant forged the indorsement on the check "and uttered and passed said instrument and indorsement as true and genuine." In such a case, uncertainty as to the proper place of trial may be avoided by bringing the charge in the county where the forged instrument was uttered and passed.

The order is affirmed.

Hart, J., and Plummer, J., concurred.