[Crim. No. 392.   Fourth Appellate District.—January 10, 1940.]

THE PEOPLE, Appellant, v. H. FRANK NELSON, Respondent.

Earl Warren, Attorney-General, Eugene M. Nelson, Deputy Attorney-General, Earl Redwine, District Attorney, and William O. Mackey, Deputy District Attorney, for Appellant.

David D. Sallee and Oliver O. Clark for Respondent.

BARNARD, P. J.—The defendant was charged with perjury alleged to have been committed by testifying to a certain fact in a prior civil action. The court, sitting without a jury, found the defendant guilty and thereafter granted his motion for a new trial, from which order the People have appealed.

It appears from the evidence that one Fred E. Pierce had sued the respondent for some $2,000 for services in making an audit. The respondent claimed an agreement that the work should be done for $250 and that a certain check for $50 was the final payment thereon. At the trial of the civil action he introduced in evidence a check for $50 given by him to Pierce on July 28, 1938, which contained on its face the words ''Total balance for audit''. These words were written by the respondent but in ink of a color different from that used in the rest of the check. The respondent testified in the civil action that he wrote the check with his own pen, that after starting to hand the check to Mr. Pierce he took a pen from the desk of his attorney and wrote on the check the words we have quoted, and that he then delivered the check to Pierce. Thereafter a photostatic copy of this check, taken by a Los Angeles bank at the time the check went through for payment, was introduced in evidence. This copy did not contain the words we have quoted, which rather clearly establishes the fact that these words were placed upon the check after it went through the bank.

The appellant contends that the court abused its discretion in granting the motion for a new trial. It is argued that it conclusively appears from the evidence that false testimony was given which was material in the former action; that wilfulness on the part of the respondent may be inferred from the general circumstances, including the fact that the words in question were written upon the check by the respondent after the check had been cleared through the bank; and that the fact that false testimony had been given appears without contradiction. It is further argued that where a case is tried by the court without a jury the reasonable doubt rule applies at the time the court is deciding on the guilt or innocence of the defendant, that the reasonable doubt rule has no application when the court is thereafter considering a motion for a new trial, and that in such a situation, under article VI, section 4½, of the Constitution, a new trial cannot be granted unless the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.

Perjury, as defined by section 118 of the Penal Code, includes the element of wilfulness on the part of one who states as true a material matter which he knows to be false. While section 125 of that code provides that an unqualified

statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false, that section is to be read in connection with section 118. (*People* v. *Von Tiedeman*, 120 Cal. 128 [52 Pac. 155].) Although it here appears that the respondent's testimony in the prior action, to the effect that the words in question were written upon the check before it was delivered to Pierce, is not in accordance with the fact, the question still remains whether the respondent knew at the time that the evidence he was giving was false, or whether he then wilfully and intentionally made an unqualified statement of a fact which he did not know to be true. While wilfulness might be inferred here from the facts appearing in evidence the question remains whether such wilfulness conclusively appears or whether the trial judge was free to arrive at a different conclusion on that point. ■ Moreover, a trial judge who has heard a case without a jury, in passing upon a motion for a new trial, is under the duty of considering the sufficiency of the evidence, including the element of whether or not the guilt of the defendant has been shown beyond a reasonable doubt. If it be assumed that article VI, section 4½, of the Constitution has any application in this connection, it must still be true that it would be a miscarriage of justice to refuse a new trial where such a judge was of the opinion that the reasonable doubt rule had not been complied with, or that an element of the offense had not been established as required by that rule.

■ It is well settled that a trial court is vested with a wide discretion in passing upon a motion for a new trial in a criminal case (*People* v. *Bihn*, 93 Cal. App. 566 [269 Pac. 939]), and that an appellate court will not disturb an order granting a new trial unless the record discloses a manifest abuse of that discretion. (*People* v. *Ferlin*, 203 Cal. 587 [265 Pac. 230].) ■ When a trial judge, in a criminal case, sitting as he does as a thirteenth juror, is not convinced to a moral certainty and beyond a reasonable doubt that the evidence is sufficient to justify a conviction an appellate court is hardly in a position to say, as a matter of law, that the granting of a new trial constituted an abuse of discretion. (*People* v. *Westcott*, 93 Cal. App. 216 [269 Pac. 724].) Moreover, an order granting a new trial will not be upset unless the record discloses no evidence which conflicted with

that upon which the verdict rested. (*People* v. *Brooks,* 90 Cal. 174 [27 Pac. 72].) Where there is any substantial conflict in the evidence the granting of a new trial rests so completely in the discretion of the trial court that its action is conclusive unless it clearly appears that this discretion has been abused. (*People* v. *Dixon,* 16 Cal. App. (2d) 56 [60 Pac. (2d) 140].)

■ While it clearly appears that the respondent misstated a fact in the trial of the prior action, a question remained as to whether he intentionally and knowingly did so. In *People* v. *Von Tiedeman, supra,* the court said:

"A witness who without qualification testified that John Smith was at a designated point upon last Saturday night would not be guilty of perjury if he was honestly mistaken as to the fact. . . . Yet, if he was honest in his statement, if he fully believed that he was telling the truth when he made the statement, certainly he committed no perjury. It is not the purpose of the law to send such men to the prisons of the state, and this section was not framed to deal with that class of persons."

And further:

" . . . but the 'wilful' element in his testimony is quite as essential to the crime in the case of an unqualified statement of that which one does not know to be true, as in the case of a statement of that which one knows to be false."

In *People* v. *Knutte,* 111 Cal. 453 [44 Pac. 166], it is said:

"Nor does it affect the question that the evidence in the case may have a *legal tendency* to prove all of the material facts. Guilt is to be established beyond a reasonable doubt; and while there may be some evidence to support each fact, this does not signify that it is necessarily such as to satisfy the conscience of the judge that a case is made which warrants conviction."

In the instant case, the testimony upon which the charge of perjury is based was given eight months after the check was delivered. The respondent testified that when he stated in the prior action that the notation in question was upon the check when he delivered it to Pierce he believed this testimony to be true and that this was, at the time, his best recollection of what had occurred. His testimony was in part corroborated by the testimony of the attorney in whose office

the check was written and delivered to Pierce, who testified that the respondent started to hand the check to Pierce and then took it back and taking another pen from the desk wrote something, although this witness did not see what was written or that it was written upon the check. In brief, the respondent explained that "the only thing that could have happened" was that he took the check back from Mr. Pierce and taking some cards from his pocket wrote a notation on the card of the number and amount of the check and what it was for. There is also evidence that the date and amount of the check with the notation "total balance for audit" was entered upon the stub of the respondent's check book, and that this notation was later scratched out with a red pencil by Mr. Pierce during his audit of respondent's books. While it would appear likely that one who wrote a notation upon a check after the check had been paid by the bank would remember that fact, it is conceivable that one who wrote such a notation on a separate card immediately before delivering a check might believe, months later, that he had written it on the check itself. In our opinion, a question of fact was presented which was for the trial court. The respondent testified that he knew at the time of the transaction here in question that certain Los Angeles banks took photographs of all out-of-town checks which cleared through these banks. The trial judge may have entertained a serious doubt as to whether one who had knowledge of this practice would intentionally misrepresent a fact which could thus easily be established.

The matter in question was one which was within the discretion of the trial court and no abuse of that discretion appears.

The order appealed from is, therefore, affirmed.

Marks, J., and Griffin, J., concurred.