29447.   HICKS *v.* THE STATE.

DECIDED JULY 1, 1942.

486

“ “

*Lindley W. Camp,* for plaintiff in error.

*H. G. Vandiviere, solicitor-general, George D. Anderson, Blair & Gardner,* contra.

MacIntyre, J. The rulings on the demurrer in *Hicks* v. *State, ante,* 475, are controlling on the issues made by the demurrer in this case, except ground 24 in the instant case, which is as follows: "Because it appears from said indictment that said affiant could not read nor write, and there is no allegation or averment in said indictment that the affidavit was read to the affiant or that he was acquainted with the contents thereof or that he had knowledge thereof, at the time said affidavit was signed by him." Ground 24 of the demurrer attacked the following allegation in the indictment: "and as a matter of fact the maker of said affidavit signed the same [by his mark] without knowing the contents thereof, and was procured to sign the same by the defendant and accused herein upon the payment to him by said accused of the sum of $2.50, said affidavit being absolutely and knowingly false in the particulars hereinbefore set forth, and were so known to be by the said accused as well as by the affiant in said affidavit." This paragraph seems to allege that the affiant, without being informed as to the contents of the affidavit, corruptly, for $2.50, swore to the same, and while what he swore to he knew was untrue and false, yet he did not know that these false assertions were in the affidavit, in fact, he signed it by his mark without knowing the contents thereof. Thus, if the defendant is conscious, that is if he knew, that he did not know what were the assertions contained in the affidavit, he means to swear falsely however the facts may prove to be. It is alleged in the instant case that the facts asserted in the affidavit are untrue. On the other hand, it is not necessarily a good defense to perjury that the things affiant swore to were true. "In an action on a contract before a justice of the peace, the making of the contract was in issue. A witness testified that he went

to a field with the parties to the contract, no other persons than the parties and himself being present, and that he heard the contract agreed to by the parties. In point of fact he did not go to the field, was not present when the contract was made, and had no knowledge of the making. The contract was made, nevertheless; but it was held that the prisoner, having wilfully sworn to a thing he did not know to be true, although it was true, was guilty of perjury." 2 Wharton's Crim. Law (12th ed.) 1785 (12). " 'Perjury appears to be regarded as an attempt to subvert justice in a judicial proceeding, for a man commits this offense who testifies . . to what he knows nothing about, though it turns out to be true' " or false in a material matter. *Davis* v. *State, 7 Ga. App.* 680, 685 (67 S. E. 839). Hence, it is perjury for the affiant to attempt to subvert justice in a judicial proceeding by swearing to the contents of the affidavit where the declaration of the witness was that he knew of the contents of the affidavit when he knew nothing of the contents. *Davis* v. *State,* supra. The indictment here having alleged that the assertion in the affidavit was wilfully and *corruptly* false, this includes "knowingly," for the assertions could not have been wilfully and corruptly false without being knowingly false. Atkinson *v.* State, 133 Ark. 341 (202 S. W. 709). In other words, knowledge under the facts alleged in the indictment, if proved, could be found to have been implied from the allegation of corruptness.

If the affiant, even though he could not read or write and knew nothing about the contents of the affidavit to which he had sworn, can safely furnish a *false* and *corrupt* affidavit about matters then under investigation, and can secure complete immunity by *purposely* abstaining from all inquiries as to the contents of the affidavit, the object of the law would be defeated. 2 Wharton's Crim. Law, 1787, § 1516; State *v.* Rupp, 96 Kan. 446 (151 Pac. 1111); Decker *v.* State, State *v.* Stein, supra.

The instant case is differentiated from *Davis* v. *State,* supra, in that the allegations in the indictment there were that the defendant, who could neither read nor write, knew, that is, had actual knowledge, which is express information to a fact falsely sworn to, and under such an accusation the court said: "The evidence must show that the affidavit was read to him before he swore to its truth, or that he then knew and understood its contents." Whereas in the instant case the allegation is that he knew the facts

sworn to were false, but that he wilfully and *corruptly* swore to the facts which were in the affidavit although he did not know what facts were alleged in the affidavit; but the indictment here alleged that the assertion in the affidavit was wilfully and corruptly false. This includes "knowingly," for the assertions could not have been wilfully and *corruptly* false without being *knowingly* false. Atkinson v. State, 133 Ark. 341, 345. "Knowledge, either express or implied, is absolutely indispensable in order to impute to him a purpose wilfully to swear therein." *Rowe* v. *State,* 99 *Ga.* 706, 712 (27 S. E. 710). In other words, knowledge under the facts alleged in the indictment here, if proved, could be found to have been implied from the proof of corruptness.

We do not think the indictment which charged George M. Hicks with subornation of perjury, in that he procured Loyd Howard to commit the crime of perjury, was subject to the demurrers filed for the reasons assigned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*