EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL BERMÚDEZ, acusado y apelante.

Número 15477.

*Sometido:* 5 de noviembre de 1953. *Resuelto:* 15 de enero de 1954.

*F. García Quiñones,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Jaime García Blanco, Fiscal Especial del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Miguel Bermúdez fué declarado culpable y sentenciado por la Sala de San Juan del Tribunal Superior de Puerto Rico, por

un delito de Instigación al Perjurio, y ha apelado ante este Tribunal. Ha señalado diecinueve errores. Consideraremos, en primer término, el primer error señalado, que envuelve la alegación de que la acusación presentada en este caso es insuficiente en derecho, por no exponer hechos suficientes para constituir el delito de Instigación al Perjurio.

■ La acusación presentada en este caso lee de la siguiente manera:

"El Fiscal formula acusación contra MIGUEL BERMÚDEZ residente en calle 6, Bo. Obrero, Santurce, c/o Departamento de Hacienda, Negociado de Bebidas, San Juan, P. R., por un delito de Inf. artículo 122, con relación al artículo 117 y 36 del Código Penal de Puerto Rico (*felony*), cometido de la manera siguiente: —El referido acusado, Miguel Bermúdez, allá para los primeros días de abril de 1951, en el Distrito Judicial de Puerto Rico, Sección de San Juan, valiéndose de su cargo de Agente de Rentas Internas, instigó e indujo, voluntaria, maliciosa y criminalmente y de una manera corrupta a Raúl González Trinidad a cargo de la Sección de Bebidas, que cometiera perjurio haciéndole jurar como en efecto juró dicho Raúl González Trinidad ante el Hon. Juez Renato Ortiz, del Tribunal Municipal de Puerto Rico, Sección de San Juan, autoridad competente para recibir juramento, que en la casa residencia sita en la Calle Valparaíso núm. 714, Santurce, Puerto Rico, había y vendían ron de fabricación clandestina, hechos estos esenciales a la solicitud y expedición de una orden de allanamiento por infracción a la Ley de Bebidas, hechos estos cuya certeza no constaba al acusado, ni a Raúl González Trinidad y que además eran falsos.—Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico.' "

Aunque en la acusación se caracterizan los hechos alegados como constitutivos de una infracción al artículo 122 con relación a los artículos 117 y 36 del Código Penal, los hechos alegados demuestran que lo que se alega es una infracción del artículo 124 del mismo cuerpo legal. La calificación o caracterización de un delito, o la identificación de un supuesto artículo alegadamente infringido, hecha por el Fiscal no es definitiva, ya que son los hechos alegados en la acusación, y no las etiquetas formales, los que deben servir de base para la ver-

764

dadera identificación del delito imputado y de la disposición estatutaria envuelta. *El Pueblo* v. *Behn et al.*, 13 D.P.R. 1; *El Pueblo* v. *González,* 17 D.P.R. 1186; *Pueblo* v. *Rodríguez (a) Cartucho*, 46 D.P.R. 542; *Pueblo* v. *Canals*, 48 D.P.R. 794; *Pueblo* v. *Conroig,* 60 D.P.R. 168; 42 C.J.S. 992, 993, 1034.

▇▇▇▇ Los artículos 36, 117, 122 y 124 de nuestro Código Penal disponen lo siguiente:

"Artículo 36.—*Autores.*—Todas las personas complicadas en la comisión de un crimen, ya fuere *felony* o *misdemeanor,* y que directamente cometieren el acto constitutivo del delito, o no hallándose presentes, hubieren aconsejado su comisión o incitado a ella; y todas las personas que aconsejaren o incitaren a menores de catorce años, lunáticos o idiotas, a cometer algún crimen; o que, por medio de fraude, artificio, o violencia, ocasionaren la embriaguez de otra persona, con el fin de hacerle cometer un crimen, son principales o autores en el crimen cometido."

"Artículo 117.—*Perjurio, Definición.*—Toda persona que, habiendo jurado testificar, declarar, deponer o certificar la verdad ante cualquier tribunal, funcionario o persona competente, en cualquiera de los casos en que la ley permitiere tomar tal juramento, declarare ser cierto cualquier hecho esencial, conociendo su falsedad, será culpable de perjurio. No se admitirá como defensa en ninguna causa por perjurio la circunstancia de haberse prestado o tomado el juramento en forma irregular."

"Artículo 122.—*Declaración cuya certeza no consta al declarante, efecto.*—La declaración categórica de un hecho cuya certeza no conste al declarante, equivaldrá a la declaración de un hecho que le conste ser falso."

"Artículo 124.—*Instigación al Perjurio.*—Toda persona que voluntariamente indujere a otra persona a cometer perjurio, será culpable de instigación al perjurio, e incurrirá en pena igual a la que se le habría impuesto si hubiere sido personalmente culpable del perjurio así conseguido."

El artículo 36 es de carácter general y en lo relevante a este caso, es aplicable a todas las personas que hubieren aconsejado o incitado a la comisión del delito de perjurio, siendo esas personas consideradas como coautores del delito de perjurio. *Pueblo* v. *Montaner,* 61 D.P.R. 120, 125. El artículo

122, al cual se refiere la acusación erróneamente como el artículo básico que contiene los ingredientes del delito, no contiene realmente tal definición del delito y meramente establece un principio general al efecto de que la declaración categórica de un hecho cuya certeza no conste al declarante, equivaldrá a la declaración de un hecho que le conste ser falso. Ese artículo es relevante en este caso, como veremos más adelante, pero el artículo que realmente sirve de fundamento y de estructura básica a la acusación es el 124, el cual dispone que toda persona que voluntariamente indujere a otra persona a cometer perjurio será culpable de instigación al perjurio.

Ahora bien, para que quede demostrada una infracción al artículo 124, debe establecerse que la persona inducida a actuar ha cometido una infracción al artículo 117, que define el delito de perjurio. Esto es, para que el instigador sea responsable, bajo el artículo 124, la otra persona así instigada debe haber cometido realmente el delito de perjurio, según ese delito ha sido definido en el 117. El delito de perjurio debe haber quedado consumado. Ello surge del propio artículo 124. En su texto en español, tal artículo se refiere a toda persona que voluntariamente "indujere" a otra persona a cometer perjurio. En su texto inglés, que es el prevaleciente, artículo 13 del Código Civil, se dispone:

"Every person who wilfully *procures* another person to commit perjury is guilty of subornation of perjury, and is punishable in the same manner as he would be if personally guilty of the perjury *so procured*." (Bastardillas nuestras.)

En su texto en español se habla del perjurio *"así conseguido."*

La expresión usada en el texto en español de "indujere" no corresponde exactamente al término "procures", que quiere decir: conseguir, lograr, llevar a efecto, producir un resultado, obtener, el tener éxito en lograr que se complete el acto inducido. *Words and Phrases*, Edición Permanente, tomo 34, pág. 175; *United States* v. *Somers*, 164 Fed. 259; *Brea* v. *McGlashan*, 39 P.2d 877, 3 Cal. App. 2d 454; *Willson* v.

*Turner Resilient Floors, Inc.*, 201 P.2d 406, 89 Cal. App. 2d 589; *State* v. *Bixby*, 177 P.2d 689; *Shonfeld* v. *State*, 40 N. E.2d 700; *Marcus* v. *Bernstein*, 23 S. E. 38; *Long* v. *State*, 36 N. W. 310. Para que se pueda sostener una acusación por el delito de instigación al perjurio bajo el artículo 124, debe haberse cometido el perjurio como cuestión de hecho. 70 C.J.S. 549; 41 American Jur. 41; *Hammer* v. *United States*, 271 U. S. 620; *Meyers* v. *United States*, 171 F.2d 800, 11 A.L.R.2d 1, *certiorari* denegado en 336 U. S. 912. Como una consecuencia de tal postulado, en una acusación por instigación al perjurio, no solamente deben alegarse los elementos de ese delito, tal como están contenidos en el artículo 124, sino que también deben alegarse los elementos del delito de perjurio, según ellos han sido expuestos en el artículo 117, esto es, la acusación por instigación de perjurio debe cumplir con los requisitos y circunstancias exigidas en el artículo 117, que se refiere al delito de perjurio en sí, y contener las alegaciones necesarias bajo dicho artículo. *People* v. *Ross*, 103 Cal. 425; *People* v. *Turner*, 122 Cal. 679. Una acusación por instigación al perjurio debe alegar todos los hechos y circunstancias que constituyen el delito de perjurio en sí. 70 C.J.S. 552; *Danaher* v. *United States*, 39 F.2d 325.

 Ahora bien, el artículo 117 contiene, en síntesis, los siguientes elementos esenciales que definen el delito de perjurio:

(1) Que el declarante haya jurado testificar o declarar la verdad ante un tribunal, funcionario o persona competente.

(2) Que él declare ser cierto cualquier hecho esencial conociendo su falsedad.

(3) Que el declarante haya así declarado voluntariamente e intencionalmente, y en forma contraria al juramento prestado ("wilfully and contrary to such oath").[1]

---

[1] En su texto inglés el artículo 117 requiere que la declaración falsa haya sido prestada "wilfully and contrary to such oath". Tal requisito no se incorporó al texto en español, aparentemente por inadvertencia. Debe prevalecer el texto inglés, y, por lo tanto, la frase citada envuelve un requisito esencial del delito de perjurio.

Son varios los problemas que surgen en cuanto a la suficiencia de la acusación presentada en el caso de autos. En primer término, en la acusación se alega que los hechos en la declaración jurada prestada por Raúl González Trinidad eran falsos y su certeza no constaba al acusado (supuesto instigador), ni al declarante Raúl González Trinidad. No se alega en la acusación que el acusado y el declarante conociesen la falsedad de esos hechos. Se alega solamente que ellos no conocían su certeza. Sin embargo, el artículo 122 del Código Penal dispone que "la declaración categórica de un hecho cuya certeza no conste al declarante, equivaldrá a la declaración de un hecho que le conste ser falso." Los artículos 122 y 117 deben ser considerados e interpretados conjuntamente, y es suficiente, en este sentido, una acusación en que se alegue que al declarante, al declarar, no le constaba la certeza de los hechos declarados, ya que ello equivale a una alegación al efecto de que él conocía la falsedad de esos hechos. *People* v. *Nelson*, 36 Cal. App.2d 515, 97 Pac.2d 1043; *People* v. *Agnew*, 77 Cal. App.2d 748, 176 Pac.2d 724; *People* v. *Tolmachoff*, 58 Cal. App.2d 815, 138 Pac.2d 61; 70 C.J.S. 474.

El artículo 122, al determinar que el no constar a un declarante la certeza de los hechos, ello equivale a que él tiene conocimiento de la falsedad de los hechos, es aplicable de acuerdo con sus propios términos, al declarante, y no al instigador. Pero en la acusación presentada en este caso, aunque no expone que el acusado conocía la falsedad de los hechos, se alega en ella que el acusado, instigador, actuó voluntaria, maliciosa y criminalmente. Esa alegación envuelve implícitamente la alegación de que el instigador conocía la falsedad de los hechos. *People* v. *Agnew*, supra; 70 C.J.S. 519, nota 94.

Sin embargo, en la acusación no se alega que Raúl González Trinidad, el declarante, haya actuado voluntariamente, intencional o maliciosamente (*wilfully*). Ése es un elemento esencial del delito de perjurio, y se ha resuelto en varias ocasiones que en un proceso por perjurio o por instigación al perjurio, la ausencia de tal alegación (de "wilfull-

ness") conlleva la insuficiencia legal de la acusación, por no contener el requisito de alegación de la intención criminal y de la voluntariedad. 70 C.J.S. 517; 41 Am. Jur. 28; *People* v. *Ross*, 103 Cal. 425; *Gonzales* v. *State*, 56 S.W.2d 879; *State* v. *Wolfe*, 247 N. W. 407; *Pullen* v. *United States*, 164 F.2d 756, 761; Cf. *Pueblo* v. *Pellot*, 15 D.P.R. 454.

No obstante lo resuelto en los casos citados, estamos viviendo en una época que rechaza la fatalidad o necesidad inexorable del uso de palabras exactas y mágicas. Del misticismo de las palabras hemos progresado a la sustantividad de los hechos reales, y de la exactitud precisa a la justicia intrínseca. Por ello es que, aún si en una acusación de perjurio o de instigación al perjurio, no se usa expresamente el término usado en el estatuto, "voluntaria, intencional o maliciosamente" (en su sentido de "wilfully"), si se utilizan otras palabras de significación o sentido similar, de las cuales el elemento de voluntariedad o intención criminal pueda razonablemente inferirse, y si los hechos alegados en la acusación razonablemente denotan o implican la existencia de tal elemento mental ("wilfullness"), entonces la acusación sería válida y suficiente. 70 C.J.S. 517, 518; 41 Am. Jur. 28; *Rumely* v. *United States*, 293 Fed. 532, 547; *Holsman* v. *United States*, 248 Fed. 193; *Gatewood* v. *Commonwealth*, 285 S. W. 193; *State* v. *Bissell*, 170 Atl. 102; *State* v. *Lombardo*, 87 Atl.2d 375, confirmado en 90 Atl.2d 39.

Veamos cuáles son los elementos del término "wilfully". El inciso primero del artículo 559 de nuestro Código Penal la define en la siguiente forma:

"1. Wilfully. La palabra "wilfully" (voluntariamente) aplicada a la intención con que se ejecute un acto, o se incurre en una omisión, implica simplemente propósito o voluntad de cometer el acto, o de incurrir en la omisión a que se refiere."

En su texto inglés, la frase "propósito o voluntad de cometer el acto", se identifica como "purpose or willingness to commit the act."

En lo relativo al delito de perjurio, y tal como se indica en 70 Corpus Juris Secundum 473, "wilfully" quiere decir "intencional" (*People* v. *Darcy*, 139 P.2d 118, (Cal.) *Moragón* v. *United States*, 187 F.2d 79, certiorari denegado en 341 U. S. 932) deliberadamente, con intención maligna y malicia legal, con la conciencia y el conocimiento de que las declaraciones eran falsas, con la conciencia de que no tenía la certeza de que su declaración fuese cierta y con la intención de que fuese recibida como la declaración de un hecho cierto. *People* v. *Tolmachoff*, (Cal.) supra. El término implica propósito, voluntad o deseo de cometer el acto, *People* v. *Von Tiedeman*, 120 Cal. 128, y es equivalente al término "a sabiendas". *People* v. *Darcy*, supra. El término "deliberación" implica "meditación", en contraste con una actuación inadvertida. *Welch* v. *State*, 157 S. W. 946. Quiere decir, voluntariamente y con un mal propósito, *Felton* v. *United States*, 96 U. S. 699; *Roberts v. United States*, 126 Fed. 897; que una persona sabe lo que está haciendo y tiene la intención de llevar a cabo lo que está haciendo, y es un agente libre; *Illinois Cent. Ry. Co.* v. *Leiner*, 67 N. E. 398; quiere decir, espontáneo y voluntario. *Crowell* v. *City of Riverside*, 126 Cal. App.2d 566, 80 P.2d 120; auto-determinado, voluntario o intencional. *Commonwealth* v. *O'Leary*, 79 A.2d 789; e implica intención y conocimiento. *Wolstein* v. *United States*, 80 F.2d 779.

El caso de California de *Leonard* v. *Superior Court*, 48 P.2d 687, aclara cabalmente la situación, y es aplicable a las circunstancias de este caso. Se indica lo siguiente a la página 688:

"Aunque la palabra voluntaria e intencionalmente ('wilfully') no fué usada en la acusación original, y fué usada en la acusación enmendada, es claro que en la acusación original hubo alegaciones de hechos constitutivos o componentes de significación similar, de cuyos hechos surge la imputación de que el falso juramento fué prestado intencional y voluntariamente. Código Penal, artículos 952 y 958. En la acusación original se alegó que los acusados 'hicieron y causaron el que se hiciera' el informe en cuestión y que ellos "causaron' el que se radicase en la oficina

del comisionado de edificios y préstamos, 'después que ellos lo habían jurado.' Ello implicaba la realización de un acto voluntario e intencional, y se resolvió en *Pueblo* v. *Davenport,* 13 Cal. App. 632, 643, 110 P. 318, 322, que 'cuando se alega que una persona realiza un acto, ello implica voluntariedad e intención (wilfullness).' Más aún, en la acusación original se alegó que los demandados conocían la falsedad de las declaraciones contenidas en el informe sobre la condición de la Union Building and Loan Association, y el conocimiento de la falsedad de una declaración está implícito en el término 'wilfully'. La deliberación, otro ingrediente del término 'wilfully', puede también ser asumido o inferido del hecho de que unas declaraciones falsas fueron prestadas bajo juramento, y fueron posteriormente radicadas en la oficina del comisionado de edificios y préstamos, lo que de por sí demostraba un propósito continuo . . . . . Creemos que el delito de perjurio fué alegado, aunque imperfectamente, y que no se malogró la justicia por la enmienda a la acusación."

Al mismo efecto, véase *People* v. *Agnew,* supra.

En los casos de *Leonard* y de *Agnew* estaba envuelta una enmienda a la acusación, en virtud de la cual se suplía la palabra "wilfullness", y se aplicó el entonces reciente artículo 1008 del Código Penal de California, al efecto de que son permisibles las enmiendas a las acusaciones si ellas no afectan los derechos sustanciales del acusado. En Puerto Rico no prevalece tal disposición estatutaria. Pero lo relevante al caso de autos es la discusión contenida en los dos casos citados en cuanto a la suficiencia de la acusación original. En la acusación radicada en este caso no se usa el término "intencional y voluntariamente" (wilfully) en cuanto al declarante Raúl González Trinidad. Pero se alega que él prestó una declaración jurada falsa ante un juez del anterior Tribunal Municipal, de lo cual puede inferirse razonablemente que ese acto fué voluntario, y se alega que a él no le constaba la certeza de los hechos, de lo cual puede inferirse razonablemente la alegación de que la declaración fué prestada con un mal propósito, y con conocimiento de lo que él estaba haciendo. La deliberación surge también de esos hechos alegados. Por lo tanto, aplicando la doctrina de los casos de *Leonard* y *Agnew,*

es suficiente en derecho la acusación presentada en este caso. Véase, por analogía, el caso resuelto por la Corte Suprema de los Estados Unidos, el 16 de noviembre de 1953, de *United States* v. *Debrow*, 346 U. S. 374, en cuanto a la suficiencia de una acusación por perjurio.

 Otro de los errores señalados se refiere a la alegada insuficiencia de la prueba para constituir el alegado delito de perjurio. Al terminar la prueba de cargo, el acusado presentó una moción de absolución perentoria que fué declarada sin lugar. Él entonces presentó su propia prueba, que, finalmente, no fué creída por el juez que actuó como tribunal de hecho y de derecho a petición del propio acusado. Independientemente del efecto de la presentación de la prueba de descargo como impedimento en sí para que se pueda revisar la resolución denegatoria de la moción de absolución perentoria, si de la totalidad de la prueba presentada surge la ausencia de algún o algunos elementos esenciales del delito imputado, procedería revocar la sentencia y ordenar la absolución del acusado, especialmente cuando la prueba de descargo no ha subsanado tal deficiencia.

Podemos concentrar nuestra atención en dos aspectos de la prueba. Para que se entienda cometido el delito de instigación al perjurio, deben probarse, entre otros, los dos siguientes elementos, a la luz de las circunstancias de este caso:

1. Que el acusado haya instigado (*procured*) a otro a prestar una declaración jurada. 70 C.J.S. 550; *People* v. *Nickell*, 70 P.2d 659; *Commonwealth* v. *Billingsley*, 54 A.2d 705.

2. Que el acusado haya instigado a otro a prestar una declaración constitutiva de perjurio. Ello, a su vez, requiere dos elementos.

(*a*) Que al hacer la instigación, el acusado sabía, o debía haber sabido, que al prestar posteriormente la declaración, el instigado declararía, en forma contraria a su juramento, como cierto un hecho cuya falsedad le constaba al declarante instigado, o cuya certeza no le constase al declarante instigado.

▮▮▮▮▮▮▮▮▮▮▮

Esto es, el instigador debería haber sabido, y haber tenido la intención, de que el declarante instigado actuaría "wilfully", con conocimiento de la falsedad, o sin la certeza de su veracidad. *Austin* v. *United States*, 19 F.2d 127; *Coyne* v. *People*, 14 N. E. 668; *State* v. *Gleason*, 40 P.2d 222; *Boren* v. *United States*, 144 Fed. 801. Debe demostrarse que el instigador sabía o debía haber sabido que el declarante iba a saber la falsedad, o no le iba a constar su certeza, al prestar su declaración, esto es, él debería haber sabido que se iba a cometer un perjurio, que el declarante declararía con intención criminal (*wilfully*). *People* v. *Ross*, supra. Aún si el instigador conocía la falsedad, si él no sabía que el declarante iba a declarar sin que le constase la certeza de los hechos, no se cometería entonces el delito de instigación al perjurio. 41 Am. Jur. 41; *State* v. *Wilhelm*, 219 Pac. 510; *Conn.* v. *Commonwealth*, 27 S. W.2d 702.

(*b*) Lo anterior se refiere al elemento de intención criminal de parte del instigador. Pero también debe demostrarse que, como cuestión de hecho, el acusado instigó al declarante a declarar *sin que le constase la certeza de los hechos*, o constándole la falsedad. La instigación no es solamente en cuanto a actuar sino que también es en cuanto a actuar con intención criminal (*wilfully*). El declarante debe haber sido *instigado* a declarar en forma contraria a su juramento, siendo su juramento al efecto de que le constaba la certeza de los hechos. Ello es así porque el acto de la instigación en sí debe referirse a todos los elementos componentes del perjurio.

▮▮▮▮▮▮▮ La prueba presentada en este caso relevante a los elementos que acabamos de señalar consistió en la declaración del declarante instigado, Raúl González Trinidad, un agente de Rentas Internas. Él declaró, en esencia, lo siguiente:

Que el acusado, otro agente de Rentas Internas, le entregó un papel escrito con la descripción de la casa, objeto del allanamiento; que en esa casa había ron clandestino sin sellos, para fines de venta; que ese papel se lo entregó el acusado

para que el declarante hiciera un allanamiento; que el ron lo encontraría en determinado sitio específico de la casa; que el acusado le dijo que en esa casa se vendía ron clandestino; que le dijo cómo llegar a la casa; que le dijo que hiciera el allanamiento; que al declarante no le constaba la certeza de esos hechos, y no investigó en forma alguna esos hechos, pero que, no obstante ello, el declarante prestó una declaración jurada ante un juez del anterior Tribunal Municipal en cuanto a los hechos informados por el acusado, y que en esa declaración jurada el declarante González Trinidad expuso que esos hechos le constaban personalmente como hechos ciertos, siendo ello falso, ya que a él no le constaba la certeza de esos hechos; que a base de esa declaración jurada se expidió una orden de allanamiento y la casa fué allanada, y se encontró ron sin sellos en el sitio mencionado;(²) que la práctica rutinaria en la oficina donde trabajaban. el declarante y el acusado como agentes de rentas internas era al efecto de que si otro agente daba "confidencias", como en este caso, el agente declarante no investigaba los hechos y preparaba y presentaba la declaración jurada de acuerdo con esas "confidencias" del otro agente, aún si al declarante no le constase la certeza de los hechos.

(²) Hubo prueba al efecto de que·el acusado y su suegro llevaron a cabo una conspiración, treta o "rancho" (como se declaró) al efecto de que, con el propósito de que el inquilino de la casa allanada desocupase la casa, al ser ésta allanada, el suegro, dueño ·de la casa, colocó subrepticiamente en la casa ciertos envases conteniendo ron sin sellos. Esta actuación, naturalmente, merece ciertas calificaciones, pero no constituye, de por sí, el delito de instigación al perjurio. Incidentalmente, podría alegarse que no se cometió el delito de perjurio porque, después de todo, no era falso lo que se dijo en la declaración jurada en cuanto a la existencia de ron clandestino en la casa. Generalmente, los hechos expuestos en la declaración deben ser falsos para que exista el delito de perjurio. Pero puede haber perjurio en cuanto a un hecho cierto, si el acusado expone falsamente bajo juramento que él conoce la certeza del hecho, sin que así le conste realmente, 70 C.J.S. 463, 464, basándose entonces el perjurio en la declaración falsa en cuanto al estado mental o conocimiento del declarante. *Davis* v. *State*, 67 S. E. 839; *Hecks* v. *State*, 21 S. E.2d 119. Lo que dice el artículo 117 de nuestro Código Penal es que toda persona que jure decir la verdad, y declarare ser cierto cualquier hecho, conociendo su falsedad (o no constándole su certeza, bajo el artículo 122), será culpable de perjurio.

Esa prueba fué suficiente para demostrar que el acusado instigó a Raúl González Trinidad a prestar una declaración jurada ante un juez. La prueba fué al efecto de que el acusado instigó a González Trinidad a practicar un allanamiento de la casa. Un allanamiento conlleva, necesariamente, y como condición previa, la prestación de una declaración jurada, y eso lo sabía el acusado, quien era un agente de rentas internas. Por lo tanto, la declaración jurada está implícita en el allanamiento, y al instigar el allanamiento, ello equivale a la instigación a la prestación de una declaración jurada.

Sin embargo, la prueba, en su totalidad, no demostró que el acusado hubiese instigado a González Trinidad a prestar una declaración jurada *sin conocer la certeza de los hechos.* El acusado no instigó a González Trinidad a que no investigase los hechos y a que prestase la declaración jurada sin investigar los hechos, a los fines de conocer o no conocer la certeza de los hechos al tiempo de prestar la declaración jurada. Se alega, no obstante, que hubo prueba al efecto de que la práctica de los agentes de rentas internas era la de practicar allanamientos, con las correspondientes declaraciones juradas, sin que el declarante investigase los hechos, cuando la información era suministrada por otros agentes de rentas internas, y que, por lo tanto, al instigar a prestar una declaración jurada, ello equivalía a una instigación a declarar bajo juramento sin investigar los hechos, de acuerdo con la práctica usual. Pero no debemos asumir que González Trinidad iba a seguir esa práctica ilegal, y dejar de cumplir con su deber. No debemos asumir que la práctica administrativa, sancionada por los funcionarios correspondientes, fuese la de que los agentes cometiesen perjurio al prestar declaraciones juradas relacionadas con un allanamiento. Esto es, el acusado no tenía derecho a asumir que González Trinidad dejase de investigar los hechos, esto es, él no debía haber sabido que González Trinidad iba a desconocer la certeza de los hechos al prestar la declaración jurada. Naturalmente, la instigación en cuanto a algún elemento del perjurio podría, generalmente,

inferirse razonablemente de la prueba en determinado caso. Pero en el caso de autos, no sería razonable la inferencia de que un agente de rentas internas deje de investigar los hechos antes de prestar una declaración jurada. La ausencia de una instigación concreta y específica no debe quedar suplida por una inferencia basada en una práctica ilegal. Se podría alegar que el perjurio en sí siempre es una práctica ilegal e irrazonable y que, de adoptarse el criterio que hemos señalado, nunca podría demostrarse, por medio de inferencias razonables, la comisión de un delito de instigación al perjurio. El suministrar información falsa a un declarante o testigo potencial y el instigarlo a declarar esos hechos falsos, podría ser una instigación al perjurio cuando ambas personas conocen la falsedad de los hechos informados, y el instigador está consciente de que el declarante conoce tal falsedad. Véanse los casos en que, bajo tales circunstancias, se consideró probado el elemento de instigación: *State* v. *Bixby*, 177 P.2d 689; *State* v. *Ruskin*, 159 N. E. 568; *Commonwealth* v. *Billingsley*, supra; *State* v. *Gleason*, 40 P.2d 222, y *People* v. *Nickell*, California, 70 P.2d 659. Sería innecesario entonces el probar una instigación concreta y específica al efecto de que el declarante no investigue los hechos y que declare sin que le conste la certeza de los hechos, ya que, en el caso señalado, ambos están conscientes de la falsedad de tales hechos, y que el instigador sabe que el declarante conoce la falsedad, y es innecesaria una investigación ulterior. Pero en un caso como el de autos en que el declarante no conoce la falsedad específica de los hechos, debe haber prueba concreta en cuanto a una instigación para que él declare sin conocer la certeza de los hechos, esto es, para que declare sin investigar. Esa prueba podría ser suplida por evidencia de una práctica generalmente observada de declarar sin investigar la certeza de los hechos, ya que entonces el instigador podía anticipar que el testigo o deponente declararía sin practicar una investigación. La práctica individual de los agentes, en ciertos casos, de pres-

tar declaraciones juradas a los fines de un allanamiento, sin investigar la certeza de los hechos, no debe ser considerada como la práctica generalmente observada que supla la omisión de una instigación concreta y específica en cuanto a tal extremo. Es cierto que es difícil en la práctica el probar que tal práctica ilegal sea generalmente observada, pero tampoco podemos olvidar la regla anteriormente señalada al efecto de que, para poderse establecer la comisión de un delito de instigación al perjurio, debe probarse, por prueba directa o inferencias razonables, que ha habido una instigación para que el declarante declare sin constarle la certeza de los hechos, o que declare constándole la falsedad de tales hechos.

Un aspecto peculiar de este caso es que, como indicamos en el escolio 2, el acusado sabía que, al irse a practicar el allanamiento de la casa en cuestión, había ron clandestino en la casa allanada, como cuestión de hecho y de realidad objetiva, aunque esa realidad había sido creada artificial y subrepticiamente. De manera que al suministrar la información a González Trinidad, el acusado no estaba suministrando información objetivamente falsa. Esto es, él no estaba instigando a González Trinidad a que declarase una falsedad. Entonces tendría que demostrarse la instigación a otra modalidad del perjurio, esto es, que siendo cierto el hecho declarado, el acusado tenía que haber *instigado* a González Trinidad a que declarase *sin constarle esa certeza*. La instigación entonces no tenía que referirse a que declarase un hecho falso, sino a que afirmase bajo juramento que le constaba como cierto un hecho, sin que realmente le constase tal certeza, esto es, la instigación no se referiría a la falsedad del hecho sino a la falsedad del juramento. La prueba tenía que haber demostrado que el acusado instigó a González Trinidad a prestar un juramento falso, no en cuanto a los hechos en sí, sino en cuanto a su estado mental, esto es, en cuanto a su conocimiento personal de los hechos. Ello no se probó en este caso más allá de una duda razonable.

Siendo insuficiente la prueba presentada para demostrar la comisión de un delito de instigación al perjurio, *debe revocarse la sentencia apelada, y debe dictarse sentencia decretando la absolución del acusado.*

El Juez Asociado Sr. Pérez Pimentel no intervino.