[Crim. No. 6705.   Second Dist., Div. One.   Nov. 18, 1959.]

THE PEOPLE, Respondent, v. RALPH WILLIAM BASS, Appellant.

James S. Fitzpatrick for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment of conviction and "the denial of probation" in a case involving a violation of the provisions of section 118 (perjury).

In an information filed in Los Angeles County, it was charged that the appellant did, on or about April 22, 1958, in the Superior Court in Los Angeles County, in a criminal trial wherein he was the defendant (charged with the possession of narcotics) after being duly sworn, testify falsely; that the false testimony was material to the issues tendered in the case. The appellant pleaded not guilty and the cause was tried without a jury. The case was submitted upon the transcript of the testimony taken at the preliminary hearing and additional testimony taken at the time of trial. The appellant was found guilty, probation was denied and he was sentenced to the state prison.

A résumé of the facts is as follows: Appellant admittedly possessed some narcotics and he was charged with a violation of section 11500 Health and Safety Code. He was on trial therefor in the superior court and took the witness stand in his own behalf. He testified in effect that he had secured the narcotics in question from a Dr. McCowan at his office on November 2 in Pasadena; that he had had an operation on his finger earlier that day and that the narcotic was to be used as a pain killer; that the doctor had given him a sort of prescription.

Dr. McCowan testified that he had never seen the appellant prior to the date of the preliminary hearing, that the form of the prescription blank which was introduced into evidence

was one which he had used at a former place of practice, that neither the signature nor the handwriting on the blank were his nor had he authorized anyone to use his signature.

At the place where Dr. McCowan formerly was located (California Emergency Hospital), Dr. Gillette was on duty on the day in question but he testified that he had never seen the appellant before, nor had he written the prescription or given the appellant any pills.

Dr. Elmer Anderson treated the appellant for his injured finger and gave him 20 Percodan tablets. Dr. Anderson did not write the prescription in question. He further stated that the finger was operated on in August, not on November 2, as testified to by the appellant.

At the time of the arrest of the appellant he was asked where he got the prescription blank with the note written on the face thereof and he replied, "Ask my attorney." Later, at the Hall of Justice Building, the appellant said that the doctor had given it to him and when asked to describe the doctor, he said he could not remember because he was intoxicated at the time. He did not know what side of the street the doctor's building was on, nor did he know whether it was a one, two or three-story building. The appellant admitted a prior felony conviction and that "I had a narcotic record before."

The appellant asserts that the evidence was insufficient to support a charge of perjury. The oath was properly administered by one authorized and competent to do so and it was in proper form. Appellant's statements with reference to the prescription were obviously false. The appellant was attempting to establish a legal excuse for having the narcotics in his possession, namely by showing that a doctor had given him a prescription therefor. Hence, the testimony clearly was material to a most important issue.

There was sufficient corroboration. The appellant relies largely upon the theory that he was in fact intoxicated, that his testimony was based on what the prescription blank recited on its face and that he did not knowingly swear to anything false. The trial court, upon ample evidence and upon observing the witness, determined otherwise and properly. At the very least the appellant spoke rashly and recklessly about a matter which he did not know to be true and which under the circumstances might well constitute perjury. (*People* v. *Agnew,* 77 Cal.App.2d 748, 753 [176 P.2d 724].)

386

█ Section 125 of the Penal Code provides:

"An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false."

It must be read in conjunction with section 118. (*People v. Nelson*, 36 Cal.App.2d 515 [97 P.2d 1043].)

█ This is not the case of one where an honest mistake was made or where the appellant justifiably believed in the truth of his statements. The appellant throughout the entire proceeding gave every evidence of a person who was determined to deceive the court to the end that he would be given his freedom.

The attempted appeal from the order denying probation is dismissed. The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.